■ BETH L. BERGE, Respondent-Appellant, v HARALD S. BERGE, Appellant-Respondent.—Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: In view of the duration of the marriage, the standard of living of the parties during the marriage, the substantial income of defendant, and plaintiff's limited earning ability, the court did not err in granting plaintiff permanent alimony *(see,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:10; *Delaney v Delaney,* 111 AD2d 111, *order resettled* 114 AD2d 312). The award for child support was not excessive; the court properly granted plaintiff 50% of the marital portion of defendant's profit-sharing and retirement account; and the court properly granted plaintiff 50% of the breeders' awards received prior to trial and future breeders' awards resulting from horse breeding during the marriage. Defendant, alone, however, is entitled to future breeders' awards received resulting from horses bred after the divorce.

Although the court did not err in determining that plaintiff

was entitled to an award of counsel fees, it should not have fixed the amount of the fees without first holding an evidentiary hearing as requested by defendant to determine the value of the legal services rendered (see, Price v Price, 115 AD2d 530; Hansen v Hansen, 86 AD2d 859).

The court should have awarded maintenance and child support from the date of the application therefor, which in this case was the date of the commencement of the action (see, Domestic Relations Law § 236 [B] [6] [a]; [7] [a]; Culnan v Culnan, 142 AD2d 805, 807-808, lv dismissed 73 NY2d 994; Petrie v Petrie, 124 AD2d 449, 451, lv dismissed 69 NY2d 1038; Evangelista v Evangelista, 111 AD2d 904, 905). Defendant, however, should be given credit against any retroactive maintenance and child support for any amount he voluntarily paid to plaintiff after the commencement of the divorce action (see, Petrie v Petrie, supra, at 451).

The court's determination that the value of the livestock was $26,500 is not supported by the evidence. The court valued the two yearlings and the one suckling at a total of $11,000. We agree with defendant that those horses were part of the stock in trade of the breeding business and that the proceeds of their sale were more than offset by the expenses of the business. Further, the appraised value of the one broodmare that the court valued at $5,000 was only zero to $500. The mare had not produced a viable foal in five years. Accordingly, we adopt the maximum appraised value of $500 rather than the court's value of $5,000. Making these adjustments, we reduce the award to plaintiff for her share of the value of the horses to one half of $11,000.

Accordingly, the judgment is modified by reducing plaintiff's marital distribution award for the livestock to 50% of $11,000, by vacating the award for counsel fees, by amending the judgment to provide that the breeders' awards received as a result of horses bred after the divorce belong to defendant alone, and to provide that maintenance and child support is retroactive to October 25, 1985. The matter is remitted to Supreme Court for a hearing to determine the amount of attorneys' fees to which plaintiff is entitled and the amount of back maintenance and child support owing. (Appeals from judgment of Supreme Court, Monroe County, Finnerty, J.— divorce.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.