■ RONALD R. THOMAS, Appellant, v MARY L. THOMAS, Respondent.—Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court, Oswego County, for further proceedings, in accordance with the following memorandum: The trial court erred in ordering plaintiff to pay the "monthly mortgage payment associated with the former marital residence" and "the real property taxes and real property insurance associated with said real property". During the trial of this action, the parties placed a stipulation on the record which provided that, until the court determined the issues of child support and maintenance, plaintiff would pay the mortgage, real property taxes and insurance on the marital residence. There-

after, defendant would make those payments. The trial court found that the stipulation was fair and reasonable when made and was not unconscionable. Because the stipulation survived the judgment of divorce, plaintiff was entitled to enforce its provisions (see, Lewin v Lewin, 91 AD2d 649, 651). Accordingly, the judgment should direct defendant to make the aforementioned payments pursuant to the parties' stipulation.

In view of our determination, we remit the case to the trial court for its reconsideration of the appropriate amounts for maintenance and child support, with due regard for the applicable statutory factors (see, Domestic Relations Law § 236 [B] [6], [7]). Moreover, the award of child support must be retroactive to the "date of the application therefor" (Domestic Relations Law § 236 [B] [7] [a]), which, here, is the date that defendant's answer, containing a request for child support, was served (see, Culnan v Culnan, 142 AD2d 805, 807-808, lv dismissed 73 NY2d 994; Bonheur v Bonheur, 141 AD2d 489, 490; Evangelista v Evangelista, 111 AD2d 904). Further, plaintiff must be given credit for any pendente lite child support that he paid after that date (see, Domestic Relations Law § 236 [B] [7] [a]; Berge v Berge, 159 AD2d 960; Salerno v Salerno, 142 AD2d 670).

Additionally, we conclude that the trial court's award of counsel fees to defendant in the sum of $1,000 did not constitute an abuse of discretion (see, Domestic Relations Law § 237; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881). (Appeal from judgment of Supreme Court, Oswego County, Donovan, J.— divorce.) Present—Dillon, P. J., Callahan, Denman and Davis, JJ.