██ RUTH S. CLEARY, Appellant-Respondent, v MICHAEL J. CLEARY, Respondent-Appellant.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: The court did not abuse its discretion in failing to award plaintiff a portion of defendant's pension. Plaintiff never specifically requested a distribution of defendant's pension *(see, Del Gado v Del Gado,* 129 AD2d 426, 428), and there was no proof at trial of the value of the pension, which was vested and had an actuarial value *(see, Michalek v Michalek,* 114 AD2d 655, 657, *lv denied* 69 NY2d 602). Although plaintiff did not have a pension, she earned more than defendant and her salary as director of a day-care center was subject to her own recommendation to the Board of Directors. Under the by-laws of the day-care center, she would not lose her position as director until she resigned.

Although her interest in the day-care center cannot, as the court erroneously found, be considered a property interest, it did give plaintiff considerable job security. In addition to this security, plaintiff also retained separate property, and, thus, in failing to award her a portion of defendant's pension, the court did not abuse its discretion.

The court did not abuse its discretion in awarding defendant one-half of the appreciation in the residence from the time of the marriage. Plaintiff owned the residence when she married defendant and transferred it into both of their names shortly after the marriage. The court properly credited plaintiff for her contribution of separate property toward the creation of a marital asset (see, Monks v Monks, 134 AD2d 334; Coffey v Coffey, 119 AD2d 620). Given the proof that both defendant and plaintiff contributed physically and financially to the marital household, an award to defendant of one-half of the appreciation over $70,000, the value of the house at the time of the marriage, was appropriate.

The court erred in failing to award child support under the Child Support Standards Act. Although the complaint and the trial were held prior to the effective date of the Child Support Standards Act (Domestic Relations Law § 240 [1-b]; L 1989, ch 567, eff Sept. 15, 1989), the report of the Referee and the decision of the court were both made after the effective date of the Act. Since the Act "represents important public policy it should be applied to matters which commenced prior to the effective date of the act which have not yet been finally decided" (Gelb v Brown, 163 AD2d 189, 191; see, Scheinkman, Supp Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C240:27, 1991 Pocket Part, at 168). The Referee found that child support calculated under the Act would be $125 per week, and our calculations, using the varying proof of defendant's earnings, indicate an amount of $125 to $135 per week. Therefore, we adhere to the Referee's calculation of $125 per week and increase the award of child support to that amount. The award of child support should have been retroactive to the date of commencement of the action since it was requested in the summons and complaint (Domestic Relations Law § 236 [B] [7] [a]; see, Berge v Berge, 159 AD2d 960).

Plaintiff should have been awarded the full amount of medical insurance reimbursement received by defendant for services paid by plaintiff for the parties' son.

Plaintiff should have received one-half of the cash proceeds

defendant received for surrendering a life insurance policy after the commencement of the action on which plaintiff was beneficiary.

None of defendant's contentions has merit.

Accordingly, the judgment is modified to increase the award of child support to $125 per week, to provide that child support is retroactive to May 10, 1988, to award plaintiff an additional $875, representing full reimbursement of medical expenses covered by insurance, and to award plaintiff $886.09, representing one-half of the surrender value of the life insurance policy. (Appeals from Judgment of Supreme Court, Erie County, McGowan, J.—Divorce.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.