■ ARLINE J. TRAUTWEIN, Respondent, v RONALD W. TRAUTWEIN, Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: When plaintiff and defendant were divorced in 1986, their 1982 Matrimonial Settlement Agreement (Agreement) was incorporated but not merged into the judgment of divorce. Pursuant to that Agreement, defendant was obligated to make an unallocated weekly support and maintenance payment of $250, which would be reduced by $25 upon the emancipation of each of the parties' four daughters. In 1988, plaintiff moved to allocate the weekly payment between support and maintenance and to increase support. A hearing on plaintiff's application was held before a matrimonial Referee, whose report was adopted and ratified by the court. By the time of the court's order, two daughters remained unemancipated. Defendant was paying $200 per week and had made all payments required by the Agreement.

Supreme Court found that an increase in support was in the best interests of the children, allocated $150 of defendant's weekly payment to maintenance, and modified the support obligation for two children to $404.89 per week. We affirm that part of the order. In the circumstances of this case, the record demonstrated that an increase in defendant's support obligation was warranted in the best interests of the children *(see, Matter of Brescia v Fitts,* 56 NY2d 132, 140-141). The court's allocation of $150 of the weekly payments to maintenance accurately reflected the parties' Agreement, which provided that the weekly payments to plaintiff would be reduced to $150 after all the children were emancipated and would continue until either party died or plaintiff remarried.

In modifying defendant's support obligation, the court applied the formula prescribed by the Child Support Standards Act (CSSA; Domestic Relations Law § 240 [1-b]), which became effective during the pendency of this matter. We reject defendant's contention that the court erred in applying the CSSA *(see,* Domestic Relations Law § 240 [1-b] *[l]; see also, Cleary v Cleary,* 171 AD2d 1076, 1077; *Gelb v Brown,* 163 AD2d 189, 191; *Berge v Berge,* 159 AD2d 960, 961). We also reject defendant's contention that the court abused its discretion in applying the CSSA formula against the combined total of the parties' entire income *(see,* Domestic Relations Law § 240 [1-b] [c] [3]).

In ordering maintenance and support, however, Supreme Court erred in failing to provide that defendant should be credited for the payments he had been making *(see, Thomas v Thomas,* 161 AD2d 1151, 1152; *Berge v Berge, supra,* at 961). In addition, the court erred in ordering support and maintenance retroactive to October 18, 1988. Defendant has made all the required maintenance payments, and no retroactive provision is necessary. The court properly ordered that support be retroactive but referred to the incorrect date. Payment of support should be retroactive to October 24, 1988, the date on which defendant was served with plaintiff's motion papers *(see,* Domestic Relations Law § 236 [B] [7] [a]; *Thomas v Thomas, supra,* at 1152; *Berge v Berge, supra,* at 961). Accordingly, Supreme Court's order is modified by striking the retroactive provision from the maintenance directive and by providing that support is retroactive to October 24, 1988, with credit given for payments in the amount of $50 per week that had already been made.

In addition, the court's order is modified by striking the provision that defendant pay "the balance, if any, on all

outstanding student loans remaining to be paid, as well as other outstanding school expenses that may still remain unpaid" of his two emancipated daughters. Although the court properly ordered defendant to bear responsibility for the educational expenses of his two unemancipated daughters *(see,* Domestic Relations Law § 240 [1-b] *[l]; Matter of Montagnino v Montagnino,* 163 AD2d 598, 599), it had no authority to make defendant responsible for the past expenses of his elder daughters.

We also delete the third and fourth decretal paragraphs and substitute a paragraph ordering "That defendant shall pay toward the college expenses of the infant children Patricia and Judith an amount equal to the cost of attending the University of Buffalo, including books and incidentals. If the parties are unable to agree on that amount, they may apply to Supreme Court for a determination."

We find no error in the court's award of counsel fees. (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Support.) Present—Green, J. P., Pine, Balio, Lawton and Davis, JJ.