■ VERNER M. DROHAN, Appellant, v JOAN DROHAN, Respondent. [599 NYS2d 200] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The primary issue in this divorce action concerned the valuation and distribution of plaintiff's solely owned business, a general insurance agency. Plaintiff's expert valued the agency at $485,000, and defendant's expert arrived at a value of $1,600,000. Applying a modified version of the analysis used by defendant's expert, Supreme Court determined the value to be $1,230,000 and, in the equitable distribution of the parties' assets, awarded 35% of the agency's value to defendant. The parties' remaining marital assets were equally divided. Plaintiff retained ownership of the agency but, because of the resulting shortfall in the distribution of assets, he was ordered to pay defendant the sum of $314,233.50 in equal installments over 15 years, plus interest at the rate of 9% per annum on the unpaid balance. Plaintiff was also ordered to pay permanent maintenance in the amount of $350 per week.

The method used by Supreme Court in valuing the agency required it to capitalize earnings over a three-year period, subtract current assets to compute good will, then add good will to the agency's book value ($472,000). We conclude that this method was reasonable and fully supported by the expert testimony. In computing good will, Supreme Court properly used the agency's pre-tax earnings *(see, Stolow v Stolow,* 149 AD2d 683, 686, *resettled* 152 AD2d 559; *Siegel v Siegel,* 132 AD2d 247, 252, *lv denied* 74 NY2d 602; *Bofford v Bofford,* 117

AD2d 643, 645, *appeal dismissed* 68 NY2d 808) and a discount rate of 15%. The court properly made certain add-back adjustments to determine true net corporate earnings *(see, Stolow v Stolow, supra; Siegel v Siegel, supra).*

The court's computations, however, included two errors that resulted in double-counting. First, for the tax year ending June 30, 1986, the court twice added back a pension plan payment, once as a part of salary and once as a fringe benefit. Correcting that error reduces the net pre-tax earnings for that year from $122,772 to $101,972, and reduces the average pre-tax earnings to $112,041. Applying the capitalization rate to that amount yields a figure of $746,940. The court's second error was to equate that amount with good will without first subtracting the fixed net assets of the agency, and then adding $472,000 for net worth to reach a final value for the agency. The error arises from the fact that the sum of $746,940 already includes both good will and the value of the agency's fixed net assets ($388,000). As a result, the fixed net assets were double-counted and the agency was overvalued by $388,000. Correcting those errors, we find that the value of the agency was $831,000.

Applying the proper value to plaintiff's agency reduces defendant's total share of the marital assets to $542,211.50. Supreme Court properly distributed assets worth $349,628 to defendant, leaving a deficiency of $174,583.50 that plaintiff must pay defendant. Using the 15-year payment schedule adopted by the court and unchallenged by the parties, plaintiff should pay $11,638.90 annually. The court's imposition of interest of 9% on the unpaid balances was proper *(see, CPLR 5003, 5004).*

Supreme Court did not abuse its discretion in awarding defendant 35% of the value of the agency. In distributing the marital assets, the court had great flexibility and discretion to fashion an equitable award *(see, Domestic Relations Law § 236 [B]; O'Brien v O'Brien, 66 NY2d 576, 588; Michalek v Michalek, 114 AD2d 655, 656, lv denied 69 NY2d 602; Rodgers v Rodgers, 98 AD2d 386, 391).* Contrary to plaintiff's argument, there are no per se rules governing the distribution of marital assets. The record shows that the distribution made by the court was fair and equitable.

We also reject plaintiff's argument that the trial court abused its discretion by awarding permanent maintenance. In setting the amount and duration of maintenance, Supreme Court had wide discretion *(see, Domestic Relations Law § 236 [B] [6]; Majauskas v Majauskas, 61 NY2d 481, 494; Torgersen v*

*Torgersen,* 188 AD2d 1025; *Pacifico v Pacifico,* 101 AD2d 709, 710). The record reveals that Supreme Court properly considered the statutory factors and properly balanced defendant's needs and plaintiff's ability to pay *(see, Torgersen v Torgersen, supra).*

The judgment of Supreme Court is modified by substituting the sum of $174,583.50 for the sum of $314,233.50 and the sum of $11,638.90 for the sum of $20,948.90 in the thirteenth decretal paragraph. (Appeal from Judgment of Supreme Court, Oswego County, Hurlbutt, J.—Divorce.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.