■ NICHOLAS J. DiSANTO, Appellant, v CAROLE A. DiSANTO, Respondent. [604 NYS2d 413] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court did not err in awarding defendant maintenance in the amount of $100 per week for a period of five years *(see,* Domestic Relations Law § 236 [B] [6] [a]; *Loeb v Loeb,* 186 AD2d 174, 176). The court, however, should have awarded maintenance and child support retroactive to July 13, 1990, the date of the application therefor *(see,* Domestic Relations Law § 236 [B] [6] [a]; *Berge v Berge,* 159 AD2d 960, 961; *Petrie v Petrie,* 124 AD2d 449, 451, *lv dismissed* 69 NY2d 1038). Therefore, we modify the judgment to provide that maintenance and child support are retroactive to that date. Furthermore, plaintiff should have been given credit for voluntary payments made to defendant after that date against any retroactive maintenance and child support award *(see, Berge v Berge, supra,* at 961; *Petrie v Petrie, supra,* at 451). The record does not reflect the exact amount of payments made. Therefore, we remit the matter to Supreme Court to determine the

amount of the credit to which plaintiff is entitled and the amount of retroactive maintenance and child support owing *(see, Berge v Berge, supra,* at 961).

The court did not abuse its discretion in its equitable distribution of the marital property *(see,* Domestic Relations Law § 236 [B] [5]; *Markel v Markel,* 197 AD2d 934). The court set forth the factors it considered and the reason for its determination to award defendant title to the marital residence. That determination is amply supported by the record *(see, Wells v Wells,* 151 AD2d 474). The court found that the parties had been married over 12 years when the action was commenced, but had been separated for over five years. It further found that plaintiff led defendant to believe that she would eventually receive title to the house if she accepted lower support and maintenance payments than the amounts to which she would otherwise have been entitled during the period of separation before the divorce action was started. Furthermore, since January 1985, defendant has made the mortgage payments and has paid substantial amounts of the real property taxes and the cost of repairs in connection with the marital residence.

We conclude that the court did not abuse its discretion in awarding defendant counsel fees of $2,000 *(see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881). Lastly, under the circumstances of this case, a further award to defendant "for counsel fees generated by this appeal is not warranted and in the exercise of our discretion we deny the request" *(Bushorr v Bushorr,* 129 AD2d 989). (Appeal from Judgment of Supreme Court, Genesee County, Miles, J.H.O.—Divorce.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.