■ NINA FABER, Appellant, v RONNY M. FABER, Respondent. [614 NYS2d 771] —Mikoll, J. P. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Colabella, J.) ordering, inter alia, equitable distribution of the parties' marital property, entered November 1, 1991 in Westchester County, upon a decision of the court.

The parties were married July 6, 1986 in this State. They had one child, a boy, born in June 1988. In February 1989 plaintiff commenced this action for divorce based on cruel and inhuman treatment. Defendant counterclaimed for divorce on the same ground. On May 23, 1989 plaintiff moved for, *inter alia,* interim maintenance and child support. Supreme Court (Freedman, J.) awarded plaintiff temporary maintenance of $200 per week plus temporary weekly child support in the same amount. Plaintiff subsequently moved for, *inter alia,* arrears claimed to be owed by defendant for temporary support and maintenance. Supreme Court directed that the amount of arrears was to be determined at trial. Plaintiff also moved for an order of protection, exclusive possession of the marital home and its sale, which Supreme Court also referred to trial. Following trial Supreme Court (Delany, J.) issued a decision granting, *inter alia,* a mutual divorce; the court also ordered sale of the marital residence with the proceeds to be shared equally between the parties after deduction of arrears owed and $22,000 to plaintiff, the latter representing the separate contribution that plaintiff paid toward the purchase of the marital residence. The decision further awarded plaintiff child support and custody with specified visitation to defendant. The Trial Justice retired from Supreme Court after this decision and before judgment. Supreme Court (Colabella, J.) denied plaintiff's motion seeking reargument and directed entry of judgment on October 24, 1991. This appeal ensued.

Preliminarily, defendant's belated motion advanced in his responding brief on this appeal to dismiss the appeal because the record is inadequate is rejected in view of the unwarranted delay of defendant (who appeared pro se on this appeal until February 1994) in moving for such relief.

Plaintiff's argument that Supreme Court erred in accepting defendant's income figures over those of plaintiff in calculating child support lacks persuasion. Defendant's 1990 tax return and Form 2106 support his statement of 1990 income of $64,912 less $13,476 in unreimbursed employee expenses, leaving a net income of $51,436. Defendant's expenses, supported by his own records and receipts, are properly deductible from parental income in calculating child support *(see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [A]). While plaintiff submitted 1990 tax returns to substantiate her claimed unreimbursed business expenses, she did not present records supporting her deductions. Thus, Supreme Court cannot be said to have erred in accepting defendant's calculations on this record. Additionally, Supreme Court did not credit

either party with any paid FICA deductions. However, as plaintiff's claimed figures make no noticeable difference in the parties' respective pro rata share (51.8% for defendant rather than 52%), they are of no significance.

The record indicates, however, that the $136 a week support award was based on the parties' combined income of $80,000 ($80,000 × 17%) and Supreme Court made no findings as to the combined income over $80,000, i.e., any finding that support payments by defendant, the noncustodial parent, apportioned to reflect such income would be unjust or inappropriate (see, Domestic Relations Law § 240 [1-b] [f]). Supreme Court thus improperly failed to consider the combined income of the parties in excess of $80,000 (see, 11c Zett-Kaufman-Kraut, NY Civ Prac § 67.06), as the court was required to ascertain the actual needs of the child (see, Malatino v Malatino, 185 AD2d 605, 606) and could "determine the amount of child support with respect to such income in excess of $80,000 either through consideration of the statutory factors set forth in Domestic Relations Law § 240 (1-b) (f) and/or the child support percentage" (Harmon v Harmon, 173 AD2d 98, 110). Although this Court could make such determination in the interest of judicial economy (see, Chasin v Chasin, 182 AD2d 862), we will remit the matter to Supreme Court as the income of the parties may now be different and justice would be better served by allowing Supreme Court to make the determination.

Supreme Court apparently did not consider the cost of child care, which is undoubtedly necessary because both parents work outside the home. The share of such cost for each party is to be prorated and separately stated (see, Domestic Relations Law § 240 [1-b] [c] [4]). The record is deficient in this respect and remittal is therefore required for that purpose. Likewise, as Supreme Court failed to make provision for the cost of health insurance for the child (see, Sassano v Sassano, 143 AD2d 893, 895), that should also be done on remittal. Supreme Court also appears to be in a more advantageous position than this Court to determine how that should be accomplished (see, Murphy v Murphy, 110 AD2d 688).

Supreme Court's failure to require defendant to maintain life insurance was not an abuse of discretion in view of the parties' near equal finances (see, Gross v Gross, 160 AD2d 976; see also, Wilbur v Wilbur, 116 AD2d 953, 955).

Plaintiff's contention that any child support award should have been retroactive to May 23, 1989, the date of plaintiff's

application for such relief, is well taken (see, Trautwein v Trautwein, 181 AD2d 1060; Thomas v Thomas, 161 AD2d 1151), and the matter should be remitted for recalculation of the support owed. Further, Supreme Court on remittal should also direct plaintiff to execute the waiver pursuant to 26 USC § 152 necessary to permit defendant to take the income tax deduction for the parties' child in alternate years. Supreme Court's order granted the waiver but failed to direct plaintiff to execute it (see, Waterman v Waterman, 160 AD2d 865; Sheehan v Sheehan, 152 AD2d 942).

We have considered plaintiff's other arguments of error and find it unnecessary to comment further.

Mercure, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as related to child support; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.