■ Rosemary Ann Wheeler, Appellant, v Daniel R. Wheeler, Respondent. [646 NYS2d 384] —In a matrimonial action in which the parties were divorced by judgment dated January 20, 1981, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Imperato, J.H.O.), entered April 5, 1995, as, after a hearing, denied those branches of her motion which were for an upward modification of maintenance and child support and for counsel fees, and granted that branch of the defendant's cross motion which was to terminate maintenance as of May 1, 1995.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof which denied that branch of the plaintiff's motion which was for an upward modification of child support, and (2) deleting the provision thereof which granted that branch of the defendant's cross motion which was to terminate maintenance, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith.

After marrying in May 1978, the parties entered into a stipulation of settlement dated November 25, 1980, wherein the defendant agreed, inter alia, to pay $100 per week as spousal maintenance and $50 per week as child support for both of the parties' two children. The maintenance payments were to continue until the plaintiff's death or remarriage. The stipula-

tion was incorporated into and merged with the judgment of divorce, which was entered on January 20, 1981.

The evidence at the hearing on the plaintiff's motion for an upward modification of maintenance and child support indicated that she failed to obtain full-time employment in the years following the parties' divorce. The Supreme Court did not credit the plaintiff's assertion that the need to care for the parties' two sons, who were age 15 and 16 at the time of the hearing, prohibited her from working full-time. The court denied the motion to increase child support without prejudice to bringing another motion after the wife obtained full-time employment. The court also denied the plaintiff's motion for an upward modification of maintenance and granted the defendant's cross motion to terminate maintenance.

The plaintiff contends that the Supreme Court erred in denying her motion for an increase in child support without determining whether there had been a change in circumstances warranting a modification of child support (*see,* Domestic Relations Law § 236 [B] [9] [b]). We agree. Rather than denying the motion based solely on the plaintiff's employment status, the Supreme Court should have imputed her with income based on her earning potential (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [v]; *Matter of Susan M. v Louis N.,* 206 AD2d 612). We therefore remit the matter to the Supreme Court to determine the plaintiff's imputed income and any change in circumstances which might support an upward modification of child support.

We also agree with the plaintiff's contention that the court erred in terminating maintenance because there has been no substantial change in circumstances which would warrant termination (*see,* Domestic Relations Law § 236 [B] [9] [b]). Although the plaintiff became a licensed registered nurse in 1985, she had earned her nursing degree in 1977, prior to the parties' marriage. While her earning potential may have increased as a result of her receiving a license, such did not warrant termination of maintenance, particularly in light of the substantial increase in the defendant's income between the time of the parties' divorce and the hearing on the subject motions (*see, McCarthy v McCarthy,* 214 AD2d 1000).

The plaintiff's remaining contention is without merit. Bracken, J. P., Miller, Copertino and Krausman, JJ., concur.