■ WALTER PANEK, Respondent, v KATHIE PANEK, Now Known as KATHIE WENDT, Appellant. [648 NYS2d 380] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in directing defendant to pay child support retroactive to June 1991. The Domestic Relations Law provides that a direction for the payment of child support shall "be effective as of the date of the application therefor" (Domestic Relations Law § 236 [B] [7] [a]; § 240 [1]; *see, Burns v Burns*, 84 NY2d 369, 377; *Berge v Berge*, 159 AD2d 960, 961; *see also*, Family Ct Act § 449 [2]). Plaintiff's application for child support was made on October 25, 1994, the date defendant was served with the cross motion (*see, Trautwein v Trautwein*, 181 AD2d 1060, 1061). We modify the order, therefore, by directing that defendant's payment of child support be retroactive to October 25, 1994.

An award of counsel fees is a matter "committed to the sound discretion of the trial court, which is 'in a superior position to judge those factors integral to the fixing of counsel fees' (*Levine v Levine*, 179 AD2d 625, 626), such as the financial circumstances of the parties, the circumstances of the case as a whole, including the relative merit of the parties' positions, and the time, effort and skill required of counsel (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881)" (*Silberman v Silberman*, 216 AD2d 41, 41-42, *appeal dismissed* 86 NY2d 835). The denial of defendant's application for counsel fees was a proper exercise of the court's discretion. (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Child Support.) Present—Green, J. P., Lawton, Fallon, Callahan and Doerr, JJ.