FOURTH DEPARTMENT, MARCH, 1997

(March 14, 1997)

■ C. RICHARD LESTER, Respondent, v DIANE L. LESTER, Appellant. [654 NYS2d 528] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant wife appeals from those portions of a judgment of divorce that, after a trial of economic issues only, awarded her limited spousal maintenance, child support, and equitably distributed the parties' marital property, including plaintiff's interest in a closely held corporation.

Upon our review of the record, we conclude that Supreme Court did not abuse its discretion in awarding defendant, who was 38 years old and admittedly able to become self-supporting, limited spousal maintenance for rehabilitative purposes for a period of three years (*see, Majauskas v Majauskas,* 61 NY2d

481, 494; *Drohan v Drohan,* 193 AD2d 1070, 1071-1072; *Torgersen v Torgersen,* 188 AD2d 1023, 1024, *lv denied* 81 NY2d 709). The record establishes that the court properly considered the statutory factors and properly balanced defendant's needs and plaintiff's ability to pay (*see, Drohan v Drohan, supra,* at 1072).

Defendant contends that the court erred in failing to apply the child support percentage of the Child Support Standards Act to the combined parental income over $80,000. Where, as here, the combined parental income exceeds $80,000, the statute affords the court an option to consider the factors set forth in Domestic Relations Law § 240 (1-b) (f) "and/or the child support percentage" (Domestic Relations Law § 240 [1-b] [c] [3]). Although the statute vests the court with discretion whether to apply the statutory percentage in fixing the basic child support obligation on parental income over $80,000, there must be some "record articulation of the reasons for the court's choice * * * to facilitate * * * review" (*Matter of Cassano v Cassano,* 85 NY2d 649, 655; *see, Zaremba v Zaremba,* 222 AD2d 500). Inasmuch as the court failed to set forth the reasons for the amount of child support awarded, we remit the matter to Supreme Court to set forth the factors it considered and the reasons for its determination (*see, Zaremba v Zaremba, supra*). In addition, under the circumstances of this case, we conclude that the court erred in failing to direct that plaintiff obtain or maintain a policy of life insurance for the benefit of the parties' minor children (*see,* Domestic Relations Law § 236 [B] [8] [a]; *see also, Burns v Burns,* 193 AD2d 1104, 1105, *mod on other grounds* 84 NY2d 369; *Warshaw v Warshaw,* 169 AD2d 408, 409).

We further conclude that the court erred in failing to make the awards of spousal maintenance and child support retroactive to the date of defendant's application, which in this case was the date of defendant's answer, February 11, 1993 (*see,* Domestic Relations Law § 236 [B] [6] [a]; *DiSanto v DiSanto,* 198 AD2d 838; *Berge v Berge,* 159 AD2d 960, 961). Plaintiff, however, is entitled to a credit for any maintenance and child support he voluntarily paid to defendant after the date of the application therefor (*see, Berge v Berge, supra,* at 961; *Petrie v Petrie,* 124 AD2d 449, 451, *lv dismissed* 69 NY2d 1038). Although plaintiff contends that his voluntary payments exceed any retroactive award, the record is not sufficiently clear for our Court to make that determination and thus, the matter must be remitted to Supreme Court for that purpose as well.

A major issue at trial concerned the valuation and distribu-

tion of plaintiff's 50% interest in a closely held corporation that operates a number of rustproofing shops. Both parties presented expert testimony on the issue of valuation. The court adopted the analysis of plaintiff's expert and determined the value of plaintiff's interest in the corporation to be $314,524. In the equitable distribution of the parties' assets, the court awarded 25% of plaintiff's interest in the business to defendant and 25% of plaintiff's interest in a real estate partnership, less certain credits, to be paid out over a 10-year period in equal yearly payments commencing one year after entry of judgment, plus interest at the rate of 1% over prime.

Upon our review of the record, we conclude that the court's valuation of plaintiff's 50% interest in the closely held corporation was reasonable and fully supported by the expert testimony (see, Drohan v Drohan, supra, at 1070). We further conclude that the court did not abuse its discretion in awarding defendant 25% of the business assets. In distributing the marital assets, the court has great flexibility and discretion to fashion an equitable award (see, Domestic Relations Law § 236 [B] [5] [c]; O'Brien v O'Brien, 66 NY2d 576, 588; Drohan v Drohan, supra, at 1071). The record establishes that the distribution made by the court was fair and equitable (see, Bossard v Bossard, 199 AD2d 971; Rosenberg v Rosenberg, 145 AD2d 916, 917, lv denied 74 NY2d 603). The court, however, erred in not imposing any restrictions to ensure that plaintiff obtains repayment of a corporate debt due him. Thus, we modify the 18th decretal paragraph of the judgment by providing that "plaintiff must use his best efforts to obtain repayment of the corporate debt due him prior to the expiration of the Statute of Limitations."

Although we agree with defendant that the court abused its discretion in imposing a four-hour time limitation on defendant's cross-examination of plaintiff, in view of the other extensive testimony on the economic issues, that error does not require reversal.

We have reviewed defendant's remaining contentions and conclude that they are without merit.

Thus, we modify the judgment by requiring plaintiff to obtain or maintain a policy of life insurance for the benefit of his children during their minority and by providing in the 18th decretal paragraph that "plaintiff must use his best efforts to obtain repayment of the corporate debt due him prior to the expiration of the Statute of Limitations", and we remit the matter to Supreme Court to set forth on the record the factors it considered and the reasons for its determination concerning

child support and to determine whether defendant is entitled to any retroactive award of maintenance and child support, and otherwise affirm. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Support.) Present— Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.