■ STEVEN L. FRANK, Respondent, v WENDY S. FRANK, Appellant. [662 NYS2d 888] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In this matrimonial action, defendant appeals from an order directing plaintiff to pay defendant the net sum of $158.47 per week, retroactive to November 6, 1995, representing the difference between plaintiff's obligation to pay $170 per week in permanent maintenance and defendant's obligation to pay $50 per month in support for the two children of the marriage. Defendant contends that Supreme Court failed to consider the parties' predivorce standard of living and failed to find that defendant was permanently incapable of becoming self-supporting. Defendant further contends that the court failed to make the maintenance award retroactive to the date of her counterclaim for maintenance. Finally, defendant contends that the court erred in ordering her to pay child support of $50 per month rather than $25 per month in accordance with the minimum support provisions of Domestic Relations Law § 240 (1-b) (d).

The court did not err in setting maintenance at $170 per week and did not fail to consider the factors in question. The

court made explicit findings concerning the parties' respective incomes, which had not changed appreciably since their separation. In so doing, the court took into account the parties' predivorce standard of living and defendant's inability to become self-supporting. Further, in ordering maintenance of indefinite duration, the court found that defendant suffers from schizophrenia, paranoid type; that she has a long history of mental illness; that it is unlikely that she would improve; and that she is disabled and cannot work.

The court erred, however, in failing to make maintenance retroactive to March 18, 1992, the date of defendant's initial application therefor (see, Domestic Relations Law § 236 [B] [6] [a]; DiSanto v DiSanto, 198 AD2d 838; Berge v Berge, 159 AD2d 960, 961). Contrary to plaintiff's argument, it is irrelevant that the request for maintenance was contained in a counterclaim served in response to a summons but prior to service of the complaint (see, CPLR 3019 [a], [d]; Kane v Kane, 163 AD2d 568; Edelman v Edelman, 88 Misc 2d 156, 158-160; see generally, Siegel, NY Prac § 224, at 327-328 [2d ed]). Nor is it significant that the court had declared defendant in default on her counterclaim. That default was later vacated. Under the circumstances, the brief default must be disregarded as a nullity and maintenance ordered retroactive to the date of the original application. Plaintiff is entitled to credits and adjustments for temporary maintenance payments made by him (see, Domestic Relations Law § 236 [B] [6] [a]; Burns v Burns, 84 NY2d 369, 377). Because the record does not establish the amount of temporary maintenance paid by plaintiff, the matter must be remitted to Supreme Court to determine the amount of arrears and whether it must be paid in one lump sum or installments (see, Domestic Relations Law § 236 [B] [6] [a]; DiSanto v DiSanto, supra, at 838-839; see generally, Burns v Burns, supra, at 377-378).

Additionally, the court erred in ordering defendant to pay child support of $50 per month. In order to determine whether defendant is subject to the minimum child support obligations of Domestic Relations Law § 240 (1-b) (d), the "basic child support obligation" of defendant must be subtracted from her income and the difference compared with the poverty income guidelines amount and the self-support reserve amount. Because the parties have two children and their combined income is less than $80,000 per year, the "basic child support obligation" of defendant is 25% of her income. Subtracting that amount from her income of $8,840 leaves $6,630, an amount less than the amount of both the self-support reserve and the

poverty income guidelines. Thus, pursuant to Domestic Relations Law § 240 (1-b) (d), defendant's basic child support obligation is $25 per month. There is no merit to plaintiff's argument that, because there are two children, defendant's basic child support obligation must be $50 per month. The Child Support Standards Act does not provide for an award per child.

We have considered the parties' remaining contentions and conclude that they are without merit. We modify the order by directing that defendant pay plaintiff $25 per month in child support and by providing that plaintiff's obligation to pay permanent maintenance be retroactive to March 18, 1992. We remit the matter to Supreme Court to determine the amount of arrears and whether it must be paid in one lump sum or installments. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Maintenance.) Present—Denman, P. J., Hayes, Callahan, Doerr and Boehm, JJ.