■ JANICE I. McCoy, Appellant, v MICHAEL G. McCoy, Respondent. [678 NYS2d 193] —Order unanimously modified on the law and in the exercise of discretion and as modified affirmed with costs to plaintiff and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: In this divorce action, the parties stipulated that defendant would pay child support "based upon the Child Support [Standards Act]" (CSSA), but the stipulation is silent regarding when child support payments were to commence. Thereafter, the Referee calculated child support at $230 per week. Supreme Court adopted and ratified the Referee's determination and incorporated it in the judgment of divorce. Under the CSSA, child support is calculated after maintenance is

deducted from gross income (*see*, Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]). It was not until 15 months after the stipulation was entered into that the Referee determined the awards for maintenance and child support. The stipulation did not by its terms excuse defendant from his responsibility for child support in the interim. Such an agreement would have been unconscionable in any event, especially in light of the fact that defendant's annual income was more than 10 times greater than plaintiff's annual income. A fair interpretation of the stipulation is that child support payments were to be suspended until the Referee determined the amount of such support under the CSSA, but that defendant remained responsible for their payment.

Under the Domestic Relations Law, an order for the payment of child support shall "be effective as of the date of the application therefor" (Domestic Relations Law § 236 [B] [7] [a]). The stipulation between the parties does not provide otherwise. Plaintiff seeks child support from the date of the stipulation, a period of 67 weeks, and she is entitled to such support. Plaintiff requests judgment for retroactive child support in the amount of $10,044, at $186 per week. Plaintiff does not explain, however, how she arrived at the figure of $186 per week or the total of $10,044, which represents the amount for only a 54-week period, and the record is otherwise insufficient for us to determine the correct amount of retroactive child support and any credit for payments already made. We modify the order, therefore, by granting that part of plaintiff's application seeking payment of retroactive child support, and we remit the matter to Supreme Court to determine that amount and whether payment should be made in one lump sum or in installments (*see*, Domestic Relations Law § 236 [B] [7] [a]; *Frank v Frank*, 242 AD2d 892, 893).

The court did not abuse its discretion in denying that part of plaintiff's application seeking an income execution (*see*, Domestic Relations Law § 240 [2] [a]; CPLR 5242 [b]). Plaintiff was required to show good cause why an income execution should be ordered. The fact that defendant has made all payments required by the judgment of divorce since its entry and thus is not in default is not determinative but is a proper factor for the court to consider.

In the exercise of our discretion, we further modify the order by granting that part of plaintiff's application seeking payment of plaintiff's counsel fees arising out of this proceeding in an amount to be determined by the court upon remittal (*see*, Domestic Relations Law § 237 [b]; *Mann v Mann*, 244 AD2d 928).

(Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Support.) Present—Pine, J. P., Hayes, Wisner, Balio and Boehm, JJ.