■ ROSEMARY A. WHEELER, Respondent, v DANIEL R. WHEELER, Appellant. [689 NYS2d 528] —In a matrimonial action in which the parties were divorced by judgment dated January 20, 1981, the defendant appeals from an order of the Supreme Court, Richmond County (Ponterio, J.), dated December 16, 1997, which directed that any upward modification of child support is retroactive to December 1990 and which imputed income to the plaintiff in the amount of only $30,000 per year as of that date.

Ordered that the order is affirmed, with costs.

On a prior appeal in connection with the plaintiff's December 1990 application for an upward modification of child support, this Court remitted the case, inter alia, for the Supreme Court to fix the amount of income to be imputed to the plaintiff so that the application could be decided (see, Wheeler v Wheeler, 230 AD2d 844). The Supreme Court thereupon entertained submissions from the parties on the limited issue of how much income should be imputed to the plaintiff. Following consideration of those submissions, the court directed that any upward modification should be retroactive to December 1990 and that income of $30,000 per year should be imputed to the plaintiff as of that date. We affirm.

It is well settled that any order awarding or modifying child support shall be made retroactive to the date of the request therefor (see, Domestic Relations Law § 240 [1] [h]; Panek v Panek, 231 AD2d 959; Faber v Faber, 206 AD2d 644). Accordingly, the Supreme Court properly fixed December 1990 as the effective date for any upward modification of the defendant's child support obligation, since the plaintiff applied for the upward modification at that time (see, Matter of Eggert v Simpson, 224 AD2d 958, 959; Trautwein v Trautwein, 181 AD2d 1060, 1061). Moreover, under the circumstances of this case, including the fact that the plaintiff has never worked as a nurse despite having obtained certification to do so, we discern no improvident exercise of discretion in the Supreme Court's determination that a nurse's 1990 starting salary of $30,000 per year should be imputed to her as of the date of her modification application.

The additional issues raised by the defendant regarding the calculation of the parties' respective child support obligations are premature and must await resolution by the Supreme Court of the plaintiff's application for an upward modification of child support. Bracken, J. P., Thompson, Joy and Luciano, JJ., concur.