■ In the Matter of WILLIAM T.M., Respondent, v LISA A.P., Appellant. (Proceeding No. 1.) In the Matter of LISA A.P., Appellant, v WILLIAM T.M., Respondent. (Proceeding No. 2.) [834 NYS2d 782]—

Appeal from an order of the Family Court, Monroe County (Julie Anne Gordon, R.), entered April 19, 2005 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, granted the application of petitioner-respondent and awarded him counsel fees in the amount of $95,627 and costs in the amount of $2,360.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed in the exercise of discretion without costs, the application of petitioner-respondent is denied, the award of counsel fees and costs is vacated and the order and judgment and the judgment entered January 13, 2006 are vacated.

Memorandum: Respondent-petitioner (respondent) appeals from an order of the Referee granting the application of petitioner-respondent (petitioner) for counsel fees in the amount of $95,627 and costs in the amount of $2,360 in connection with this custody litigation that was the subject of a prior appeal (*Matter of McTighe v Pearl*, 8 AD3d 951 [2004], *lv dismissed* 4 NY3d 739 [2004]). It is well established that an award of counsel fees is intended "to redress the economic disparity between the monied spouse and the non-monied spouse" (*O'Shea v O'Shea*, 93 NY2d 187, 190 [1999]), and a court or referee therefore should "review the financial circumstances of both parties together with all the other circumstances of the case, which

may include the relative merit of the parties' positions" (*DeCa-brera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]). Here, the record establishes that respondent has not been employed since June 2000 and that, although she has a Master's degree in social work, she has never earned an annual salary in excess of $20,000. Nevertheless, the Referee determined that respondent is the "monied spouse" and that petitioner is the "non-monied spouse" (*O'Shea*, 93 NY2d at 190), based solely on the fact that the income of respondent's husband is approximately $100,000 per year and the income of petitioner is $50,000 per year. The Referee thus granted petitioner's application for counsel fees and costs, based on her determination that such an award was warranted both in view of the financial circumstances of the parties and in view of the "unjustified, overly litigious, obstructionist, and dilatory tactics employed by [respondent] during the litigation of this matter." We note, however, that the record in this appeal and the record in the prior appeal establish the highly contentious nature of the litigation on the parts of both parties (*cf. McBride-Head v Head*, 23 AD3d 1010 [2005]; *Matter of Papasoff v Cockrell*, 12 AD3d 259, 260 [2004]). We therefore conclude that the award of counsel fees and costs to petitioner is not supported by "the equities of the case and the financial circumstances of the parties" and thus was an improvident exercise of discretion (*Popelaski v Popelaski*, 22 AD3d 735, 738 [2005]). Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Green, JJ.