■ JANE RENNIE BLAKE, Respondent, v KENNETH DARCY BLAKE, Appellant. (Appeal No. 1.) [921 NYS2d 615]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered November 12, 2009 in a divorce action. The order directed defendant to pay the sum of $9,085 for counsel fees incurred by plaintiff.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, defendant appeals from an order granting in part the application of plaintiff's attorney for counsel fees and awarding him $9,085 and, in appeal No. 2, defendant appeals from an order denying the application of his attorney for counsel fees. Contrary to the contention of defendant in each appeal, Supreme Court did not abuse or improvidently exercise its discretion in rendering those orders.

" 'The award of reasonable counsel fees is a matter within the sound discretion of the trial court' " (*Dellafiora v Dellafiora*, 54 AD3d 715, 716 [2008]; *see Panek v Panek*, 231 AD2d 959 [1996]), and such awards are intended "to redress the economic disparity between the monied spouse and the non-monied spouse" (*O'Shea v O'Shea*, 93 NY2d 187, 190 [1999]; *see Matter of William T.M. v Lisa A.P.*, 39 AD3d 1172 [2007]). When exercising its discretionary power to award such fees, a court may consider all of the circumstances of a given case, including the financial circumstances of both parties, the relative merit of the parties' positions (*see Johnson v Chapin*, 12 NY3d 461, 467 [2009], *rearg denied* 13 NY3d 888 [2009]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *William T.M.*, 39 AD3d 1172), the existence of any dilatory or obstructionist conduct (*see Johnson*, 12 NY3d at 467; *Rados v Rados*, 133 AD2d 536 [1987]), and "the time, effort and skill required of counsel" (*Panek*, 231 AD2d 959; *see Klepp v Klepp*, 44 AD3d 625 [2007]).

Here, the record establishes that defendant's income was three times that of plaintiff and that significant periods of delay were occasioned by circumstances attributable to defendant. Contrary to defendant's contention, the record contains no evidence that plaintiff acted in bad faith or was otherwise unreasonable in her negotiations with defendant.

We have reviewed defendant's procedural challenges to the application of plaintiff's attorney in appeal No. 1, and we conclude that they lack merit (*see* 22 NYCRR 202.16 [k]). Present—Scudder, P.J., Smith, Lindley, Green and Gorski, JJ.