# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**449**

**CA 10-01698**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND GORSKI, JJ.

---

JANE RENNIE BLAKE, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KENNETH DARCY BLAKE, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

WATSON, BENNETT, COLLIGAN & SCHECHTER LLP, BUFFALO (KRISTIN L. ARCURI
OF COUNSEL), FOR DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, WILLIAMSVILLE (DENIS A. SCINTA OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F.
O'Donnell, J.), entered November 12, 2009 in a divorce action. The
order directed defendant to pay the sum of $9,085 for counsel fees
incurred by plaintiff.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In appeal No. 1, defendant appeals from an order
granting in part the application of plaintiff's attorney for counsel
fees and awarding him $9,085 and, in appeal No. 2, defendant appeals
from an order denying the application of his attorney for counsel
fees. Contrary to the contention of defendant in each appeal, Supreme
Court did not abuse or improvidently exercise its discretion in
rendering those orders.

" 'The award of reasonable counsel fees is a matter within the
sound discretion of the trial court' " (*Dellafiora v Dellafiora*, 54
AD3d 715, 716; *see Panek v Panek*, 231 AD2d 959), and such awards are
intended "to redress the economic disparity between the monied spouse
and the non-monied spouse" (*O'Shea v O'Shea*, 93 NY2d 187, 190; *see
Matter of William T.M. v Lisa A.P.*, 39 AD3d 1172). When exercising
its discretionary power to award such fees, a court may consider all
of the circumstances of a given case, including the financial
circumstances of both parties, the relative merit of the parties'
positions (*see Johnson v Chapin*, 12 NY3d 461, 467, *rearg denied* 13
NY3d 888; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *William T.M.*,
39 AD3d 1172), the existence of any dilatory or obstructionist conduct
(*see Johnson*, 12 NY3d at 467; *Rados v Rados*, 133 AD2d 536), and "the
time, effort and skill required of counsel" (*Panek*, 231 AD2d 959; *see
Klepp v Klepp*, 44 AD3d 625).

Here, the record establishes that defendant's income was three times that of plaintiff and that significant periods of delay were occasioned by circumstances attributable to defendant. Contrary to defendant's contention, the record contains no evidence that plaintiff acted in bad faith or was otherwise unreasonable in her negotiations with defendant.

We have reviewed defendant's procedural challenges to the application of plaintiff's attorney in appeal No. 1, and we conclude that they lack merit (*see* 22 NYCRR 202.16 [k]).

Entered:  April 29, 2011                              Patricia L. Morgan
                                                      Clerk of the Court