In the Matter of MARIA RASHIDI, Appellant, v DAVID RASHIDI, Respondent. [958 NYS2d 494]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Hoffmann, J.), dated March 26, 2012, which denied her objections to an order of the same court (Raimondi, S.M.), dated January 13, 2012, which, upon findings of fact also dated January 13, 2012, made after a hearing, directed the father to pay the sum of only $2,615 for arrears for college expenses for the subject child for the period from August 2010 through December 2011.

Ordered that the order dated March 26, 2012, is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying the mother's objection to so much of the order dated January 13, 2012, as directed the father to pay the sum of $2,615 for arrears for college expenses, and substituting therefore a provision granting that objection to the extent of directing the father to pay the sum of $15,187 for arrears for college expenses for the period from August 2010 through December 2011, and vacating that portion of the order dated January 13, 2012; as so modified, the order is affirmed, with costs to the mother.

The parties, who are the parents of one child, were divorced by judgment entered October 30, 1997. The judgment of divorce provided, in relevant part, that "pursuant to the stipulation dated July 1, 1996, both the Plaintiff and the Defendant agree to contribute not more than 50% of the cost of a SUNY tuition fees and miscellaneous expenses that would ensue if the child were to attend a State University School. This is not to restrict the child to attendance of a State University school, but is meant only to put a cap on the respective parties['] obligation to contribute to the cost of that child's college education."

The parties' son enrolled in a private university in August of 2010. The cost to attend the subject university was approximately $46,394 for the 2010-2011 school year, and $49,463 for the 2011-2012 school year. The child was awarded a scholarship and grants. To cover the balance of tuition, the child secured several loans, and the mother made additional payments.

In May 2011, the mother commenced this proceeding alleging a violation of the support provisions of the judgment of divorce, and seeking a direction that the father, inter alia, pay his share of the child's college expenses. The Family Court, after a hearing, found that the father's share of college expenses from August 2010 through December 2011 was $2,615.

Under the circumstances of this case, the father's share of college expenses for the child should be based on the total cost of tuition, room and board, college fees, and books and miscellaneous expenses as estimated by the university attended by the child, less only the sum of all nonrepayable scholarships, grants, and work-study payments or credits (*see Matter of Yorke v Yorke*, 83 AD3d 951, 952 [2011]; *Matter of Kent v Kent*, 29 AD3d 123, 134 [2006]; *cf. Matter of Korosh v Korosh*, 99 AD3d 909 [2012]; *Reback v Reback*, 73 AD3d 890 [2010]), limited only by the cost of tuition to attend a SUNY school. Based on the evidence submitted at the hearing, the father is obligated to pay the principal sum of $15,187, which represents his pro rata tuition obligation accrued from August 2010 through December 2011. Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.