■ PETER RIEMENSCHNEIDER, Appellant, v CHRISTINE BARTON, Respondent. [996 NYS2d 1]—

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered February 28, 2014, which to the extent appealed from as limited by the briefs, granted defendant's motion to compel payment of child support owed pursuant to the parties' stipulation of settlement and support obligations and attorneys' fees to the extent of awarding $112,657 for unpaid educational costs and $20,000 attorneys' fees, and denied plaintiff's cross motion seeking child support and his motion for modification of the child support order, unanimously affirmed, without costs.

Pursuant to the parties' agreements, plaintiff was expressly responsible for the subject college expenses for the parties' older daughter. The court properly determined that his obligation should not be reduced by the amount of any loans for which the daughter is responsible and which were taken out to offset the amount due and owing (*see Matter of Rashidi v Rashidi*, 102 AD3d 972, 973 [2d Dept 2013]).

With respect to plaintiff's child support obligations for the

parties' younger daughter, plaintiff failed to seek modification of the parties' agreement that established basic child support to be paid at the time of the child's alleged relocation. The court, therefore, was precluded from recalculating accrued child support arrears, or otherwise modifying the father's support obligations (Domestic Relations Law § 236 [B] [9] [b] [2] [iii]; *see e.g. Wheeler v Wheeler*, 261 AD2d 398, 399 [2d Dept 1999]). Moreover, that child had since moved out of plaintiff's residence, into her own apartment, and was continuing to receive assistance from the mother to subsist (*see Matter of Thomas B. v Lydia D.*, 69 AD3d 24, 28 [1st Dept 2009]).

Contrary to the father's arguments, the child support provisions of the parties' agreements are not void, as such sufficiently set forth compliance with the requirements of the Child Support Standards Act.

Finally, the direction that the father pay the amounts owed in a lump sum was not an abuse of discretion, given the record, including his net worth statement, indicating he has the ability to meet his obligations through sale of his real property in upstate New York or otherwise (*see Iarocci v Iarocci*, 98 AD3d 999, 1000 [2d Dept 2012]).

We have considered the father's remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.