■ JACKLYN BOFFORD, Respondent-Appellant, v SHERWOOD BOFFORD, Appellant-Respondent.—In a matrimonial action, the defendant husband appeals (1), as limited by his notice of appeal and brief, from stated portions of a judgment of divorce of the Supreme Court, Queens County (La Fauci, J.), dated August 30, 1983, which, *inter alia,* (a) directed him to pay the plaintiff wife a distributive award of $233,333, payable in installments over a 15-year period, (b) directed an equal division of $12,000 held for the benefit of the parties in escrow, (c) directed the defendant to pay the plaintiff $500 per week in maintenance from July 29, 1983 for a period of two years, and $300 per week thereafter until such time as she dies or remarries, (d) directed the defendant to obtain medical and dental insurance for the benefit of the plaintiff and their daughter, (e) directed the defendant to pay the plaintiff $6,490 for appraisal and expert witness fees, and (f) directed the defendant to pay the plaintiff's attorneys $27,500 in counsel fees; (2), as limited by his brief, from stated portions of an order of the same court, dated February 7, 1984, which, *inter alia,* directed the entry of money judgments for unpaid arrears of the equitable distribution award, unpaid amounts of marital bank accounts, escrow moneys and appraisal and expert witness fees, and the unpaid counsel fees awarded to the plaintiff pursuant to the judgment of divorce; (3), from a judgment of the same court, dated April 6, 1984, in the principal sum of $41,311, $15,550 representing unpaid arrears in the equitable distribution award, and $25,811 representing, *inter alia,* unpaid amounts of marital bank accounts, escrow moneys, appraisal and expert witness fees, with interest from November 1, 1983; (4), from a judgment of the same court, dated April 6, 1984, in the amount of $27,500, representing

the amount of the plaintiff's counsel fees awarded in the judgment of divorce; and (5), from an order of the same court, dated May 8, 1984, which granted the plaintiff's motion for leave to enter a judgment for maintenance arrears for the period from July 29, 1983 to March 2, 1984, in the amount of $9,600, and denied the defendant's cross motion for a downward modification of the maintenance award, and the plaintiff wife cross-appeals, as limited by her notice of appeal and brief, from so much of the judgment of divorce of the same court, dated August 30, 1983 as (1), failed to grant her the total amount of counsel fees requested in the action, (2), failed to direct the defendant to maintain life insurance on himself for the benefit of the plaintiff and their daughter, and (3), failed to provide for acceleration of payments of the equitable distribution award in the event the defendant defaulted in the payment of the installments or disposed of his business.

Appeal from the order dated February 7, 1984 dismissed *(see, Matter of Aho,* 39 NY2d 241, 248).

Judgment dated April 6, 1984 in the principal sum of $41,311 modified, on the law and the facts, by deleting therefrom the provision awarding the plaintiff the principal sum of $15,550 representing unpaid arrears of the equitable distribution award. As so modified, judgment affirmed, and matter remitted to the Supreme Court, Queens County, for entry of an appropriate amended judgment and further proceedings consistent herewith. Order dated February 7, 1984 modified accordingly.

Order dated May 8, 1984 modified, on the law and the facts, by (1) deleting the provision thereof denying the defendant's cross motion for downward modification of maintenance and substituting therefor a provision granting said motion to the extent that the amount of weekly maintenance is reduced from $500 per week to $300 per week as of September 7, 1983, and (2) deleting the provision thereof which awarded the plaintiff $9,600 in arrears. As so modified, order affirmed, and matter remitted to the Supreme Court, Queens County, for recalculation of arrears and further proceedings consistent herewith. Judgment dated August 30, 1983 amended accordingly.

Judgment dated April 6, 1984, in the amount of $27,500, representing an award of counsel fees to the plaintiff, affirmed.

Judgment dated August 30, 1983, as amended on the appeal from the order dated May 8, 1984, modified, on the law and

the facts, by (1) reducing (a) the amount of the distributive award to the plaintiff to $216,666, (b) the amount of the first installment pursuant to the distributive award to $14,444, and (c) the 28 semiannual installments to $7,222 and (2) adding a provision requiring the defendant to maintain a life insurance policy on himself for the benefit of the plaintiff and their daughter in the amount of the unpaid balance of the distributive award. As so modified, judgment, as amended, affirmed, insofar as appealed from.

No costs or disbursements are awarded.

The trial court properly valued the marital property as of the date of the commencement of the action, and it properly considered postcommencement events in its determination (see, e.g., Lee v Lee, 93 AD2d 221). We are also in agreement with the basic methods used by the trial court in determining the value of the defendant's photographic-processing business. Specifically, we agree with the use of an average pretax annual earnings figure of $105,605 as a basis for capitalizing the earnings of the defendant's business, and that the business' tangible assets, to wit, real estate and photographic-processing equipment, were properly added to the value of the business. Additionally, the trial court properly considered the fact that the defendant's business entered into an agreement with one of its shareholders, the defendant's father-in-law, to buy out his one-third share of the business for $320,000, which agreement was specifically structured to give the defendant's corporations certain tax advantages. However, we disagree with the trial court in its inclusion, in the valuation of the business, of an additional amount of $100,000 as good will. We find no basis in the record for this amount, and therefore, the valuation of the business from which the plaintiff's distributive award was determined must be reduced by $100,000, that is, from $1,400,000 to $1,300,000. As the defendant owned one third of this business at the time of the commencement of the trial, his share was worth $433,333, and the plaintiff is entitled to a distributive award of 50% of that amount, to wit, $216,666. This distributive award shall remain payable over a 15-year period, the first year to be paid in one installment of $14,444, and the remaining 14 years to be paid in semiannual installments of $7,222. We perceive of no reason, based on the evidence of this case, to award the plaintiff less than a 50% share of the defendant's business as and for equitable distribution (see, Conner v Conner, 97 AD2d 88, 96; 1980 NY Legis Ann, at 129-130; cf. Duffy v Duffy, 94 AD2d 711).

The amount of maintenance should, however, be reduced as

of September 7, 1983 from $500 per week to $300 per week. The evidence shows that the plaintiff became employed as a school psychologist as of that date, and the defendant moved for modification in December 1983 within a reasonable time after learning of the change of circumstances. The matter is, therefore, remitted to the trial court for a redetermination of the amount of arrears of the equitable distribution award which constitutes the award of the principal sum of $15,550 in the judgment dated April 6, 1984, and for a redetermination of the arrears in maintenance awarded in the order dated May 8, 1984. Mangano, J. P., Rubin, Eiber and Kooper, JJ., concur.