OPINION OF THE COURT
Jack Turret, J.
This motion and cross motion concern the question of whether the judgment directing purchase of a former marital residence by the ex-wife from the ex-husband using a 1984 appraisal is equitable in 1987 when the transaction is sought to be effectuated.
*801 Plaintiff has brought on an order to show cause, dated March 27, 1987, seeking an order to: (1) compel defendant, her former husband, to comply with the provisions of the judgment of divorce dated September 4, 1986, with respect to the transfer of the marital home to her; (2) order defendant to accept moneys tendered by her for said marital home, pursuant to the judgment of divorce; or in the alternative, (3) if defendant fails or refuses to so comply, empowering the Sheriff in defendant’s stead to execute any documents necessary to transfer the premises. Defendant’s cross motion seeks a stay pending appeal. These applications were marked finally submitted May 8, 1987.
On August 20, 1985, the Hon. Herbert Shapiro heard testimony as to the divorce proceeding and referred equitable distribution and all financial matters to a Special Referee to hear and report. A hearing was held before the Special Referee on October 7, 1985. His report was issued on January 26, 1986.
Defendant husband moved on February 3, 1986 for affirmation in part and rejection in part of that report. On February 18, 1986, plaintiff wife cross-moved for confirmation of the report. The major point of contention was the Referee’s recommendation as to the sale of the marital residence to the wife. The report called for valuation of the residence by use of a 1984 appraisal. The motion and cross motion were consolidated for purposes of decision, and a decision was rendered by this court on March 25, 1986. This decision let stand use of the 1984 appraisal.
On April 22, 1986, defendant husband moved for reargument and renewal. Plaintiff wife by her cross motion, dated May 1, 1986, sought an order compelling defendant to execute the deed to the marital premises, or in the alternative, if defendant so refused, an order empowering the city marshal to execute said deed. This court’s decision on defendant’s motion, dated July 18, 1986, granted it in part as to other aspects and let stand use of 1984 appraisal. Plaintiff’s cross motion was denied without prejudice to renewal in the event defendant failed to execute the deed within 10 days after service of a copy of the judgment with notice of entry.
Pursuant to CPLR 9002, due to the unavailability of the Hon. Herbert Shapiro, this court signed the settled findings of *802 fact and conclusions of law and judgment of divorce on September 4, 1986. That judgment, in pertinent part, provides "the Plaintiff is permitted to purchase Defendant’s share of the marital residence based on the 1984 appraisal”.
The papers on the instant motion and cross motion tell a tale of negotiations, a stipulation entered into to extend the time of sale of the marital residence entered into subsequent to the date of the judgment of divorce, the defendant’s leaving the country for two months and the attempts of defendant to perfect his appeal of said judgment. The end result occasioned is delay attributable to both parties.
Since this delay is attributable to both parties, it should not be allowed to work to the benefit of one while working a hardship as to the other. The purpose of the Equitable Distribution Law (Domestic Relations Law § 236 [B]) is to see that '¡equity is done. A court is to mold a decree that is fair and just under the attendant circumstances (Rodgers v Rodgers, 98 AD2d 386; Domestic Relations Law § 236 [B] [5] [c]). On this issue the court finds significant the Referee’s recommendation that "the most recent appraisal of the property be utilized, namely the parties’ 1984 appraisal for distribution of the marital home at 50% to each party” (emphasis added). It is appropriate under certain circumstances to take into account postcommencement events in the valuation of marital assets (Bofford v Bofford, 117 AD2d 643). Clearly, some three years later, market conditions have greatly enhanced the value of this home since the 1984 appraisal. Where the asset to be valued is the marital residence, the valuation date employed should avoid injustice to either spouse (Wegman v Wegman, 123 AD2d 220; Lobotsky v Lobotsky, 122 AD2d 253). At the time of the Special Referee’s report, the 1984 appraisal was the only evidence before him of a value nearest the fair market value. Now, three years later it is no longer appropriate.
Accordingly, the court sua sponte modifies the judgment of divorce to the extent that the plaintiff is permitted to purchase the defendant’s share of the marital residence based on an appraisal as to the present fair market value by an appraiser mutually agreed upon by the parties within 30 days of service of a copy of this order with notice of entry. Absent said agreement, either party may apply to the Bronx Real Estate Board, 29 East Fordham Road, Bronx, New York, for *803 designation of an independent appraiser for the purpose of effectuating the sale. Three names will be submitted, and the court will make the designation. The appraiser’s fee shall be shared by the parties.
Plaintiffs application is denied and defendant’s cross motion is decided accordingly.