■ LINDA J. STOLOW, Respondent-Appellant, v GREGORY M. STOLOW, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of (1) an order of the Supreme Court, Westchester County (Campbell, J.H.O.), entered January 29, 1988, which, *inter alia,* distributed the marital assets and awarded maintenance, child support and counsel fees, and (2) a judgment of the same court, entered March 4, 1988 thereon, and the plaintiff wife cross-appeals from so much of the same judgment as limited her award of counsel fees to $46,183.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the facts, and as a matter of discretion, by (1) deleting the eighth, ninth and tenth decretal paragraphs thereof and substituting therefor a provision directing the immediate sale of the marital residence, with the plaintiff to receive 50% of the proceeds plus $91,500, representing her equitable share of the value of the defendant's residence and her 30% share in the defendant's interest in J & H Stolow, Inc., and with the defendant to receive the remainder of the proceeds, (2) deleting the thir-

teenth decretal paragraph thereof and substituting therefor a provision directing the defendant to pay all real estate taxes due and owing on the marital residence until it is sold, and (3) deleting the third, fourth, and eleventh decretal paragraphs thereof; as so modified the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination as to maintenance, child support, the value of the defendant's interest in J & H Stolow, Inc., and the portion of the plaintiff's counsel fees which the defendant should be required to pay; and it is further,

Ordered that pending a new determination as to maintenance and child support, the defendant shall continue to pay the maintenance and child support provided for in the judgment appealed from; and it is further,

Ordered that the order is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff and the defendant, who were married in 1970, have two children, Michael, born January 12, 1976, and Jordana, born February 9, 1979.

In 1976, the couple purchased a large residence located on a three-quarter-acre lot in Pelham Manor, New York, with five bedrooms, seven baths, four fireplaces, a butler's pantry, two sunrooms, a den, a playroom, two maid's quarters, and two living rooms, in addition to the kitchen and dining room. In order to properly maintain the house, the services of a housekeeper, cleaning person and gardener are required in addition to normal repair services such as those provided by plumbers and electricians. The parties stipulated that the fair market value of the marital residence was $960,000 at the time of trial.

The defendant is the chief executive officer in a closely held family philately corporation which sells stamps, both by mail and at public auction. The defendant's salary during the marriage was supplemented by generous perquisites, such as Porsche automobiles, country club dues, garage space, insurance, and vacations which were considered corporate expenses and not charged to the defendant as earnings. He additionally

supplemented his income by borrowing from an officer's loan account to which he owed $222,879 in 1985.

The court, in distributing the marital assets, found that the plaintiff's interest in the marital residence was $455,000 (50% of the $960,000 less an outstanding mortgage of $50,000), her 30% interest in the defendant's business, for which she had worked part time, was $364,000, and her interest in the defendant's current residence was $91,500.

Because the defendant did not have sufficient liquid assets to satisfy the plaintiff's equitable award of the marital assets, the court allowed the plaintiff to accept title to the marital residence in lieu of a cash payment. The court directed joint custody of the children, who were to live with the plaintiff. In order to cover the expenses of the house and because the plaintiff's equitable share was not in liquid form, the court awarded the plaintiff $1,000 per week maintenance until the youngest child was 14 years old or entered high school, and $375 per week in child support for each child, to be raised to $500 per week as each child entered high school.

Although it is a well-settled principle of matrimonial law that exclusive possession of a marital residence is generally awarded to a custodial spouse with minor children (see, e.g., Parris v Parris, 136 AD2d 685; Flanagan v Flanagan, 118 AD2d 681), we find that under the circumstances at bar, the immediate sale of the marital residence is indicated since the expenses involved in maintaining the property are wastefully extravagant. The sale of the marital residence will leave the plaintiff sufficient liquid assets to purchase a fine residence, albeit on a smaller scale, in the same neighborhood, thus obviating the need to continue the high maintenance and child support payments necessitated by the plaintiff's living in what the court had termed a "mini-mansion". While the record demonstrates that the defendant may be able to afford the substantial amounts directed to be paid for maintenance, child support and other expenses, it is unjust to require that he do so while an asset valued at nearly $1,000,000 sits idly by consuming income. In deciding whether to direct the sale of the marital residence, the court must weigh the need for the custodial parent to remain in it against the financial situation of the parties (see, Behrens v Behrens, 143 AD2d 617; Blackman v Blackman, 131 AD2d 801). In this case the financial circumstances of the parties dictate the sale of the marital residence.

The amount of the distributive award to the plaintiff for her share of the defendant's business, J & H Stolow, Inc., must

also be adjusted. It is well settled that the capitalization of earnings method is appropriate in valuing a closely held corporation *(see,* 3 Foster, Freed & Brandes, Law and the Family New York, Equitable Distribution, § 15:3 [2d ed]). The court properly used the averaged pretax annual earnings of the corporation as a basis for capitalizing its earnings *(see, Siegel v Siegel,* 132 AD2d 247, 252; *Bofford v Bofford,* 117 AD2d 643, *appeal dismissed* 68 NY2d 808). The averaged earnings are then multiplied by a number derived from a consideration of various factors which take into account the stability of the business and the risks involved to a potential purchaser. We find that the use of a multiple of 5, rather than the 7.5 multiple employed by the court, is appropriate. Although J & H Stolow, Inc. is an old, established business, recent industry-wide declines do not bespeak the stability which would justify the use of the higher multiple *(see,* 3 Foster, Freed & Brandes, Law and the Family New York, Equitable Distribution, § 15:3 [2d ed]). In valuing the business, the court properly added back both excess compensation paid to the defendant in the form of salary and his unrepaid loans from the company *(see,* 3 Foster, Freed & Brandes, Law and the Family New York, Equitable Distribution, § 15:3 [2d ed]; *Nehorayhoff v Nehorayhoff,* 108 Misc 2d 311, 318). However, it was not proper for the court to add back the salaries of working family members. Additionally, we find that the court should have also considered the value of the perquisites to which we have previously alluded and which appear to be substantial.

With respect to the defendant's residence at 109 Country Club Lane, Pelham Manor, New York, the court properly used the trial date to value the property *(see,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:26, at 289; *Lobotsky v Lobotsky,* 122 AD2d 253, 254; *Sorrentino v Sorrentino,* 116 AD2d 564).

The defendant's contention that the residence is separate property because its down payment was made by a loan from his company is at best disingenuous. The evidence indicates that the defendant's loans from his company were, in reality, compensation to him. An examination of the record demonstrates that the outstanding balances of loans grew considerably between 1981 and 1985. Thus, the defendant's residence, which was purchased prior to the commencement of the action, was marital property.

Accordingly, we direct the immediate sale of the marital

residence and remit the matter to the Supreme Court, Westchester County, for a new determination as to the value of J & H Stolow, Inc., maintenance, child support and the share of the plaintiff's attorneys' fees to be paid by the defendant.

We have reviewed the parties' remaining contentions and find them to be without merit. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.