■ LINDA J. STOLOW, Respondent-Appellant, v GREGORY M. STOLOW, Appellant-Respondent.—Motion by the plaintiff for resettlement of a decision and order of this court dated April 24, 1989 [149 AD2d 683], which determined an appeal from stated portions of a judgment of the Supreme Court, Westchester County, entered January 29, 1988, and for a stay of the enforcement of the provision of that decision and order which directed an immediate sale of the marital residence pending a new determination of the value of the plaintiff's 30% share of the defendant's interest in J & H Stolow, Inc.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the motion is granted to the extent of deleting from the first full paragraph of the third page of the decision and order the sentence: "The court properly used the averaged pretax annual earnings of the corporation as a basis for capitalizing its earnings *(see, Siegel v Siegel,* 132 AD2d 247, 252; *Bofford v Bofford,* 117 AD2d 643, *appeal dismissed* 68 NY2d 808)" and substituting therefor the following: "The court improperly used the averaged aftertax earnings of the corporation as a basis for capitalizing its earnings. Upon remittitur, the court should utilize the averaged pretax earnings as its basis for capitalizing its earnings *(see, Siegel v Siegel,* 132 AD2d 247, 252; *Bofford v Bofford,* 117 AD2d 643). The court did not improvidently exercise its discretion in choosing a date closest to trial as the valuation date· *(see, Wegman v Wegman,* 123 AD2d 220, 234)"; and it is further,

Ordered that upon the sale of the marital residence, the defendant's share of the proceeds shall be held in escrow until a determination is reached as to the value of the plaintiff's 30% share in the defendant's interest in J & H Stolow, Inc., and until the plaintiff is paid a distributive award represent-

ing that 30% share either from those funds held in escrow or from the defendant's personal funds; and it is further,

Ordered that the motion is otherwise denied. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.