■ GERALDINE PAGELS, Appellant, v ROBERT PAGELS, Respondent.—Judgment unanimously affirmed with costs. Memorandum: The parties stipulated to distribution of most of their marital property. All but one item of the property in the stipulation was divided equally; that item was divided 55%-45%. The court's limited role with respect to equitable distribution was to value the remaining property and to distribute it equally. Under those circumstances, the court was not required to apply the factors set forth in Domestic Relations Law § 236 (B) (5) (d).

With respect to maintenance, plaintiff wife argues that the court erred in failing to consider the factors set forth in Domestic Relations Law § 236 (B) (6) (a) and that the amount awarded, $200 per week until her remarriage or cohabitation with an unrelated adult male, the death of either party, or defendant's retirement, is inadequate. Although the court erred in failing to set forth the factors it considered, we find the amount proper in light of the fact that plaintiff's actual income approximates her reasonable expenses, that there are no dependent children, and that she is in good health and plans to seek employment in the future (Domestic Relations Law § 236 [B] [6] [a] [1], [2], [3], [6]). (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—divorce.) Present —Callahan, J. P., Denman, Pine, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES D. HOLSTEIN, Appellant.—Judgment unanimously affirmed. Memorandum: By failing to object at the time of resentencing, defendant did not preserve for appellate review the issue of improper notice of the revocation of defendant's temporary certificate of relief from disabilities. (Appeal from judgment of Genesee County Court, Morton, J.—violation of probation.) Present—Doerr, J. P., Boomer, Green, Pine and Lowery, JJ.