■ Stella Murphy, Appellant-Respondent, v William J. Murphy, Respondent-Appellant. [599 NYS2d 198] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The parties were married in 1945. In October 1990, plaintiff wife commenced this action for divorce alleging defendant husband's cruel and inhuman treatment. A trial of the economic issues was held in October 1991, following which Supreme Court awarded plaintiff the marital residence, which had a stipulated value of $72,000, and the household furnishings, valued at about $15,000. Supreme Court awarded plaintiff $90,000 worth of stock and ordered defendant to maintain health insurance for plaintiff. Defendant received the remainder of the parties' assets. Plaintiff appeals, asserting that Supreme Court did not equitably distribute the marital property, failed to address certain items of marital property, failed to fix a proper valuation date for the marital property, failed to award her maintenance, and failed to set forth the statutory factors it considered in making its determination. Defendant cross-appeals, arguing that Supreme Court erred by requiring him to provide health insurance for plaintiff.

Defendant, who worked in a mill for 30 years, receives a monthly pension benefit of $319 and health insurance coverage from his former employer. He also receives about $900 per month in Social Security benefits. Plaintiff receives about $350 per month in Social Security benefits. In addition to the marital residence and furnishings, the marital estate included investments made by defendant during the marriage. The value of the investments was the central issue at the trial. Plaintiff valued defendant's portfolio at the time of the commencement of the action at over $400,000 and asked that the court value the investments for equitable distribution purposes as of the time of trial. Defendant's testimony concerning the investments was not precise, and valuation of the investments was further complicated by defendant's sale of certain

stocks, in violation of a temporary order prohibiting him from changing the nature of the assets, and conversion of the proceeds into other assets that proved difficult to trace. Moreover, defendant spent some of the sale proceeds, allegedly for living expenses.

The investments, which were made during the marriage with marital assets, were marital property. Supreme Court erred by considering active-passive appreciation because that concept applies when determining whether the appreciation of separate property should be considered marital property *(see, Price v Price,* 69 NY2d 8, 18). Here, the entire value of the investments was marital property. That is not to say that plaintiff was necessarily entitled to half, because the court may take into consideration the efforts of the parties when distributing marital property *(see,* Domestic Relations Law § 236 [B] [5] [d] [6]; *Price v Price, supra,* at 19, n 5; *O'Brien v O'Brien,* 66 NY2d 576; *Ackley v Ackley,* 100 AD2d 153, 156, *appeal dismissed* 63 NY2d 605). Because Supreme Court failed to comply with Domestic Relations Law § 236 (B) (5) (g), we cannot ascertain the factors it considered or the basis for its distribution *(see, Gorzalkowski v Gorzalkowski,* 190 AD2d 1067).

Supreme Court also failed to set a valuation date for the marital assets. If a marital asset has grown in value through the active efforts of the spouse in possession, the asset is valued for distribution purposes as of the date of the commencement of the action. If, on the other hand, the asset has grown as the result of passive appreciation, the time of trial is used as the valuation date and prevents the spouse in possession from realizing a windfall *(see, Smerling v Smerling,* 177 AD2d 429, 430; *Heine v Heine,* 176 AD2d 77, 87, *lv denied* 80 NY2d 753; *Greenwald v Greenwald,* 164 AD2d 706, 716, *lv denied* 78 NY2d 855). Supreme Court did not identify whether the marital assets had appreciated between the commencement of the action and the time of trial, nor did it identify whether the appreciation was active or passive. Moreover, Supreme Court inexplicably failed to address defendant's pension, which was clearly a marital asset *(see, Majauskas v Majauskas,* 61 NY2d 481).

Supreme Court did not award plaintiff any maintenance. On the record before us, plaintiff is entitled to maintenance, given the relative financial positions of the parties, the length of the marriage, plaintiff's advanced age, and her poor health. If, upon remittal, Supreme Court awards plaintiff a larger share of the marital property, maintenance may not be necessary.

Whatever its conclusion, Supreme Court should set forth the factors it considered and the reasons for its determination as required by Domestic Relations Law § 236 (B) (6) (b).

We modify the judgment by vacating the decretal paragraphs which provide for equitable distribution of the marital property. Because the record is not sufficiently developed, we decline plaintiff's request to make our own findings of fact and remit the matter to Supreme Court for further proceedings. Our determination does not affect that portion of the judgment which awarded plaintiff a divorce based on cruel and inhuman treatment. We have examined the issue raised by defendant's cross appeal and conclude that it is without merit. (Appeals from Judgment of Supreme Court, Oneida County, Tenney, J.—Equitable Distribution.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.