██ MADELINE DEMPSTER, Appellant, v GEORGE G. DEMPSTER, Respondent. [613 NYS2d 78] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court did not abuse its discretion in choosing the commencement date of this action as the valuation date for defendant's closely held corporations *(see, Patricia B. v Steven B.,* 186 AD2d 609, 610; *Kalisch v Kalisch,* 184 AD2d 751, 753). Nevertheless, it was error for the court to have adopted the conclusion of defendant's expert that the corporations had no value at that time. The value of a business in reorganization should be based upon its future earning capability *(see, Consolidated Rock Co. v Du Bois,* 312 US 510, 525-526; *see also, Protective Comm. v Anderson,* 390 US 414, 441-442). The parties may rely on the bankruptcy reorganization plan confirmed in 1989 as some evidence of value, notwithstanding the fact that that plan did not exist as of the commencement date of this action *(see, Bofford v Bofford,* 117 AD2d 643, 645, *appeal dismissed* 68 NY2d 808).

The discounted cash flow method used by plaintiff's expert is similar to the capitalization of earnings method *(see, In re Jartran, Inc.,* 44 Bankr 331, 352), which has often been used to

value closely held corporations *(see, e.g., Stolow v Stolow,* 149 AD2d 683, 686, *resettled* 152 AD2d 559; *Siegel v Siegel,* 132 AD2d 247, 252, *lv denied* 74 NY2d 602; *Beckerman v Beckerman,* 126 AD2d 591). Plaintiff's expert, however, valued only one of defendant's corporations that were subject to the reorganization proceedings, and we are unable to determine from this record whether the expert applied the discounted cash flow method properly in valuing that corporation. Thus, because we cannot determine the value of all the defendant's corporations, we remit the matter to Supreme Court for proper valuation. Whether the corporations should be valued individually or as a single business is a question of fact *(see, Matter of Seagroatt Floral Co. [Riccardi],* 78 NY2d 439) that is best left to Supreme Court.

It was proper for Supreme Court to deduct two loans to defendant ($800,000 from Island Helicopter Corp. and $200,000 from Rio Mfg., Inc.) from the parties' equity in the marital residence, provided that the value of each loan was added to the value of the corporation that made the loan *(see, Stolow v Stolow, supra; Siegel v Siegel, supra).* The record is not clear whether that was done; if not, it must be done on remittal.

Supreme Court erred in deducting a $150,000 loan to defendant from the value of the marital residence. The record establishes that the $150,000 loan was used to purchase a Florida condominium. The parties stipulated to the value of the condominium, and that portion of the judgment is not before us on appeal. Thus, the distributive award to plaintiff must be increased by $75,000, representing her share of the amount improperly deducted.

The court erred in failing to set forth the factors it considered in awarding maintenance, as required by Domestic Relations Law § 236 (B) (6) (b). The record is sufficient, however, for this Court to make the necessary findings *(see, Pagels v Pagels,* 162 AD2d 986; *see also, O'Brien v O'Brien,* 66 NY2d 576, 589). We find the amount of $5,000 per month proper in light of the parties' respective ages, incomes, good health, and earning capacities, and plaintiff's reasonable expenses. Nevertheless, given plaintiff's age and her limited training and experience, it is not reasonable to expect her salary to increase to a point at which she will become self-supporting or enjoy a lifestyle similar to that enjoyed during the marriage *(see, Phillips v Phillips,* 182 AD2d 746). Thus, the judgment must be modified to delete the four-year durational limitation on the maintenance award.

Because the record establishes that defendant's Prudential Bache securities account was not a passive investment account, the account should have been valued as of the date of commencement of the action *(see, Murphy v Murphy,* 193 AD2d 1068, 1069; *see generally, Rosenberg v Rosenberg,* 126 AD2d 537, 540, *lv denied* 70 NY2d 601; *Rywak v Rywak,* 100 AD2d 542). Thus, plaintiff's distributive award must be further increased by $155,907, which represents plaintiff's share of the value of the account as of the commencement date of the action.

Because we have increased plaintiff's distributive award, and because the matter is being remitted for the valuation of defendant's businesses, Supreme Court must reconsider a proper award of attorneys' and experts' fees in light of the equities and circumstances of the case *(see, Brancoveanu v Brancoveanu,* 177 AD2d 614, *lv dismissed* 79 NY2d 1026; *Hackett v Hackett,* 147 AD2d 611, 613).

Finally, although we conclude that the court properly determined the value of the household furnishings in the marital residence, the judgment must be further modified to provide that plaintiff is entitled to interest at the statutory rate *(see,* CPLR 5004) if the amount ordered by the court is not paid as a lump sum *(see, e.g., Kalisch v Kalisch,* 184 AD2d 751, *supra; Morton v Morton,* 130 AD2d 558). (Appeal from Judgment of Supreme Court, Nassau County, Roncallo, J.—Equitable Distribution.) Present—Pine, J. P., Lawton, Wesley, Callahan and Davis, JJ.