■ JOSEPH KOFFLER, Respondent, v HUGH BILLER et al., Appellants. [692 NYS2d 48] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered August 3, 1998, after a jury trial, awarding plaintiff damages in the total sum of $254,878.56, and bringing up for review an order, same court and Justice, entered June 30, 1998, which denied defendants' motion to set aside the verdict, unanimously affirmed, without costs.

The verdict in this action, finding defendants' liable for failing to obtain plaintiff's informed consent to medical treatment while finding that defendants' malpractice was not a substantial cause of plaintiff's injury, was neither internally irreconcilable (*cf., Sobie v Katz Constr. Corp.*, 189 AD2d 49, 54) nor against the weight of the evidence. The evidence supports the verdict that plaintiff would not have agreed to the surgery if he had been properly advised of the attendant risks and that the treatment was a substantial cause of the deterioration in

plaintiff's condition (see, Flores v Flushing Hosp. & Med. Ctr., 109 AD2d 198, 201). The conflicts between the two sides' experts presented a question for the jury and we see no reason to conclude that the jury could not have resolved those conflicts as they did upon a fair consideration of the evidence. To the extent that defendants now challenge the qualification of plaintiff's expert to testify as such, their claim has not been preserved by timely objection to the admissibility of the expert's testimony at trial. We have considered defendants' remaining arguments and find them to be unavailing. Concur—Sullivan, J. P., Tom, Saxe and Buckley, JJ.