■ In the Matter of the Judicial Dissolution of F.P.D. REALTY CORP. In the Matter of the Judicial Dissolution of TRU-WAY PRIVATE TAXI CORP. LOUIS PERROTTA, Individually and as Shareholder of TRU-WAY PRIVATE TAXI CORP., Respondent, v TRU-WAY PRIVATE TAXI CORP. et al., Appellants. [700 NYS2d 146] —Judgment, Supreme Court, Bronx County (Howard Silver, J.), entered May 13, 1999, in consolidated proceedings seeking dissolution of the subject closely held corporations and damages, bringing up for review an order, same court and Justice, entered December 15, 1998, *inter alia*, granting plaintiff's mo-

tion insofar as it sought to confirm the August 15, 1998 report of the Judicial Hearing Officer, but allowing defendants to withdraw their Business Corporation Law § 1118 election to purchase plaintiff's interest in the subject corporation, and which, *inter alia*, confirmed, with modification, the reports of the Judicial Hearing Officer (JHO) dated December 11, 1997 and August 15, 1998, which entitled plaintiff-petitioner to recover $170,000 plus interest from August 27, 1987 from F.P.D. Realty Corp. (FPD), and directed that FPD's real property be sold at auction to satisfy the judgment, unanimously modified, on the law, the facts and in the exercise of discretion, to award interest from December 1, 1992, and otherwise affirmed, without costs. Appeal from said order unanimously dismissed, without costs.

Defendants-appellants challenge the JHO's findings, confirmed by Supreme Court, that plaintiff-petitioner was a one-third shareholder of FPD, that the value of FPD was $510,000 and that plaintiff was entitled to interest from the date of his discharge. They maintain, moreover, that once the court approved the withdrawal of their Business Corporation Law § 1118 buy-out option, the proper remedy was judicial dissolution and an equal distribution of proceeds, without regard to the JHO's valuation. These arguments do not warrant reversal.

The evidence before the JHO, including but not limited to a certificate of amendment, filed with the Secretary of State and signed by all of the principals, naming plaintiff-petitioner as an FPD shareholder, sufficed to support the JHO's factual determination that plaintiff possessed a protectable interest in FPD pursuant to Business Corporation Law § 1104-a (*see, Matter of Kemp & Beatley,* 64 NY2d 63, 72-73). Accordingly, the JHO's finding should not be disturbed. Nor should the JHO's valuation of the subject business be disturbed where, as here, the valuation was " 'within the range of testimony presented' " and " 'rested primarily on the credibility of expert witnesses and their valuation techniques' " (*Matter of Penepent Corp.* [appeal No. 11], 198 AD2d 782, 783, *lv denied* 83 NY2d 797, quoting *Matter of North Star Elec. Contr.,* 174 AD2d 373, 374, *lv denied* 79 NY2d 752).

The IAS Court, however, acted improvidently in permitting defendants to withdraw their Business Corporation Law § 1118 election after the JHO adopted plaintiff-petitioner's appraisal of the property (*see, Matter of Chu v Sino Chemists,* 192 AD2d 315), and, while the principal amount of the award to plaintiff was appropriate under the circumstances, interest should have been awarded from December 1, 1992, the approximate date used by the parties for the purpose of evaluating the property.

We have considered defendants' other arguments and find them unavailing. Concur—Ellerin, P. J., Wallach, Lerner, Andrias and Saxe, JJ.