In the Matter of the Judicial Dissolution of CORTLAND MHP ASSOCIATES, INC. RUSSELL J. PETRALIA et al., Respondents; KENNETH C. BURNHAM, Appellant. [701 NYS2d 193] —Amended judgment unanimously affirmed with costs. Memorandum: Petitioners, collectively the owners of 30% of the outstanding shares of Cortland MHP Associates, Inc., commenced this proceeding pursuant to Business Corporation Law § 1104-a seeking judicial dissolution of the corporation. The petition named five individuals, one of whom, respondent Kenneth C. Burnham, ultimately came to own the remaining 70% of the outstanding shares of the corporation. In his answer, Burnham, pursuant to Business Corporation Law § 1118, elected to purchase the shares of petitioners, resulting in a hearing on the issue of the value of petitioners' shares as of August 12, 1993, the day before the petition was filed.

Burnham appeals from an amended judgment directing him to pay petitioners $289,744 for petitioners' 60 shares in the corporation, together with prejudgment and postjudgment interest and costs and disbursements. Burnham contends that various recent sales of stock constituted strong evidence of value that Supreme Court erred in disregarding; that the court erred in refusing to allow Burnham to purchase petitioners' shares over a three-year period; and that the court should have granted Burnham judgment on his counterclaim, which purported to allege a cause of action on behalf of the corporation against two of the petitioners for misappropriation of $30,397.85 of corporate funds.

The court did not err in disregarding the recent sales of stock as a measure of value. " ' "The determination of a fact-finder as to the value of a business, if it is within the range of testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques" ' " (*Matter of Ashford Mgt. Group [Burnham]*, 261 AD2d 863, quoting *Matter of Penepent Corp.* [appeal No. 11], 198 AD2d 782, 783, *lv denied* 83 NY2d 797). Here, the court used the valuation method advanced by both experts. The court cannot be faulted for failing to adopt an appraisal method or to consider stock sale data not relied upon by either expert.

The court did not abuse its discretion in refusing to fix terms

of payment allowing Burnham three years to complete the purchase of petitioners' shares (*see, Matter of Penepent Corp., supra,* at 783; *see generally,* Business Corporation Law § 1118 [a]).

With respect to Burnham's remaining contention, we conclude that the court properly dismissed the counterclaim. (Appeal from Amended Judgment of Supreme Court, Monroe County, Lunn, J.—Business Corporation Law.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.