■ ANN L. BURROWS, Appellant, v RALPH W. BURROWS, JR., Respondent. [705 NYS2d 457] —Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment of divorce, plaintiff contends that Supreme Court erred in awarding 70% of the majority of the marital assets to defendant. "In distributing the marital assets, the court has great flexibility and discretion to fashion an equitable award" (*Lester v Lester,* 237 AD2d 872, 874). Defendant's business, which was started by defendant's grandfather and is made up of several closely held corporations, comprises much of the marital estate. In order to maintain the viability of the businesses, defendant has assumed tremendous financial risk in the form of personal guarantees. The court properly considered defendant's liabilities and potential liabilities when it distributed the assets connected to the business. However, with respect to the residences of the parties in the United States and the Netherlands, the Rose Hill bank account, the Sand Beach escrow account and defendant's IRA, we conclude that the court erred in distributing 70% of those assets to defendant. Because both parties contributed to building the marital assets in this long-term marriage and the court "found no factors that justify an unequal distributive award, [those] assets should be distributed equally" (*Baudisch v Baudisch,* 233 AD2d 834). We do not disturb the court's determination of credits to defendant.

The court erred in determining an after-tax value for the water supply agreement between Burrows Water Works, a subchapter S corporation, and Burrows Paper Corporation. There appears to be no legal support for defendant's contention that a subchapter S corporation should be valued differently from a subchapter C corporation. "It is well settled that the capitalization of earnings method is appropriate in valuing a closely held corporation" (*Stolow v Stolow,* 149 AD2d 683, 686, *mot to resettle granted* 152 AD2d 559; *see also, Drohan v Drohan,* 193 AD2d 1070; *Siegel v Siegel,* 132 AD2d 247, 252, *appeal dismissed* 71 NY2d 1021, *lv denied* 74 NY2d 602). We therefore remit this matter to Supreme Court to determine the value of the water supply agreement, utilizing the discount rate of 25%, the rate agreed upon by the experts prior to the court's expert's consideration of tax effects.

The court erred in failing to award plaintiff prejudgment interest on those assets that were valued as of the time of the commencement of the action (*see, Selinger v Selinger,* 232 AD2d

471, 473, *lv dismissed* 89 NY2d 981, 90 NY2d 842, *rearg denied* 90 NY2d 937; *Povosky v Povosky,* 124 AD2d 1068, 1070; *cf., Schanback v Schanback,* 159 AD2d 498, 500, *lv denied* 76 NY2d 703). Therefore, upon remittal, the court must also determine the appropriate rate of prejudgment interest in the exercise of its discretion (*see,* CPLR 5001 [a]; *Selinger v Selinger, supra, appeal after remittal* 250 AD2d 752, 753, *lv dismissed in part* and *denied in part* 92 NY2d 891).

There is no indication that the temporary order of support was a final determination of the issue of child support (*cf., Hart v Hart,* 227 AD2d 698, 701), and thus we conclude that the court erred in failing to make the child support award retroactive to the date of the application therefor (*see, Lester v Lester,* 237 AD2d, *supra,* at 873; *Koczaja v Koczaja,* 195 AD2d 693, 693-694, *lv denied* 83 NY2d 756). Upon remittal, the court must further determine the amount of child support owed to plaintiff, with appropriate credits to defendant for payments made pursuant to the temporary order dated January 19, 1994 (*see, Lester v Lester, supra,* at 873).

Finally, we have considered the remaining issues raised by plaintiff and conclude that the court's determinations with respect to those issues are supported by the record. We therefore modify the judgment by vacating the fourth and seventh decretal paragraphs, and we remit the matter to Supreme Court for further proceedings as set forth herein. (Appeal from Judgment of Supreme Court, Onondaga County, Stone, J.— Matrimonial.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.