In the Matter of NATHALIE RATEAU et al., Respondents, for the Judicial Dissolution of DAPA COMMUNICATIONS, INC., Appellant. [872 NYS2d 811]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered December 28, 2007 in a proceeding pursuant to Business Corporation Law article 11. The judgment awarded petitioners the sum of $76,247.24 against respondent.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: Respondent, DAPA Communications, Inc. (DAPACom), appeals from a judgment entered pursuant to Business Corporation Law § 1118, contending that Supreme Court erred in determining the fair value of petitioners' shares in DAPACom, a closely held corporation. Contrary to DAPACom's contentions, we conclude that the court properly valued DAPACom " 'as an operating business' " (*Matter of Pace Photographers [Rosen]*, 71 NY2d 737, 748 [1988]; *see Matter of Friedman v Beway Realty Corp.*, 87 NY2d 161, 168 [1995]; *Matter of Seagroatt Floral Co. [Riccardi]*, 78 NY2d 439, 445 [1991]), and that the court properly used the net asset valuation method (*see e.g. Friedman*, 87 NY2d at 167; *Matter of Endicott Johnson Corp. v Bade*, 37 NY2d 585, 587-588 [1975]; *Hall v King*, 265 AD2d 244 [1999]). We further conclude that the court's valuation of DAPACom falls "within the range of testimony presented" and should not be disturbed (*Matter of Cortland MHP Assoc. [Petralia—Burnham]*, 267 AD2d 1013, 1013 [1999] [internal quotation marks omitted]; *see Matter of Ashford Mgt. Group*, 261 AD2d 863 [1999]).

We agree with DAPACom, however, that the court erred in failing to apply a discount for the lack of marketability of petitioners' shares in DAPACom (*see Seagroatt Floral Co.*, 78 NY2d at 445-446; *Amodio v Amodio*, 70 NY2d 5, 7 [1987]; *Hall*, 265 AD2d 244 [1999]; *cf. Matter of Whalen v Whalen's Moving & Stor. Co.*, 234 AD2d 552, 554 [1996]; *Matter of Quill v Cathedral Corp.*, 215 AD2d 960, 963 [1995], *lv dismissed* 86 NY2d

838 [1995]). We therefore reverse the judgment and remit the matter to Supreme Court to determine the fair value of petitioners' shares following application of a discount for lack of marketability. Present—Martoche, J.P., Smith, Green and Pine, JJ.