# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**521**

**CA 11-01304**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, AND SCONIERS, JJ.

---

IN THE MATTER OF THE APPLICATION OF RODNEY J.
MCKEOWN, HOLDER OF FIFTY PERCENT OF ALL
OUTSTANDING SHARES OF IMAGE COLLISION, LTD.,
PETITIONER-RESPONDENT-APPELLANT, FOR THE
DISSOLUTION OF IMAGE COLLISION, LTD., A
DOMESTIC BUSINESS CORPORATION,
RESPONDENT-APPELLANT-RESPONDENT.
(PROCEEDING NO. 1.)

---------------------------------------------          MEMORANDUM AND ORDER

PAUL TRINKWALDER, INDIVIDUALLY AND AS A
SHAREHOLDER OF IMAGE COLLISION, LTD., AND
SUING IN THE RIGHT OF IMAGE COLLISION, LTD.,
PLAINTIFF-APPELLANT-RESPONDENT,

V

RODNEY J. MCKEOWN, INDIVIDUALLY AND AS A
SHAREHOLDER OF IMAGE COLLISION, LTD., AND
RODNEY J. MCKEOWN, DOING BUSINESS AS RJM
AUTOMOTIVE,
DEFENDANT-RESPONDENT-APPELLANT.
(ACTION NO. 1.)

---

FEUERSTEIN & SMITH, LLP, BUFFALO (MARK E. GUGLIELMI OF COUNSEL), FOR
RESPONDENT-APPELLANT-RESPONDENT AND PLAINTIFF-APPELLANT-RESPONDENT.

LAW OFFICES OF JON LOUIS WILSON, LOCKPORT (JON ROSS WILSON OF
COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT AND DEFENDANT-
RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court,
Niagara County (Ralph A. Boniello, III, J.), dated March 17, 2011.
The order, inter alia, granted the application of Rodney J. McKeown
for dissolution.

It is hereby ORDERED that said cross appeal is unanimously
dismissed insofar as it concerns the disqualification of an attorney
from representing respondent-plaintiff in the future and the order is
modified on the law by providing that the interest shall run from the
date of the filing of the dissolution petition, and as modified the
order is affirmed without costs in accordance with the following
Memorandum:  Petitioner-defendant Rodney J. McKeown, the petitioner in
proceeding No. 1 and the defendant in action No. 1 (petitioner),
commenced proceeding No. 1 pursuant to Business Corporation Law §

1104-a, seeking the dissolution of Image Collision, Ltd. (ICL), a closely held corporation owned 50% by petitioner and 50% by Paul Trinkwalder, the respondent in proceeding No. 1 and the plaintiff in action No. 1 (respondent). Respondent commenced action No. 1 against petitioner, seeking, inter alia, damages for money allegedly taken from ICL by petitioner and business opportunities of ICL allegedly converted by petitioner. The proceeding and action were consolidated for trial. Respondent appeals and petitioner cross-appeals from an order that, inter alia, granted petitioner's application for dissolution, awarded respondent the continued use of ICL's business, awarded petitioner 70% of the value of the corporation, and dismissed the complaint in respondent's action.

Contrary to respondent's contention on his appeal, "Supreme Court's valuation of [the] Corporation and of petitioner's shares is supported by the evidence in the record, and respondent's contrary interpretations of fact and credibility do not warrant disturbing the court's determinations . . . 'The determination of a fact-finder as to the value of a business, if it is within the range of testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques' " (*Matter of Penepent Corp.* [appeal No. 11], 198 AD2d 782, 783, *lv denied* 83 NY2d 797; *see Matter of F.P.D. Realty Corp.*, 267 AD2d 111, 112; *Matter of North Star Elec. Contr.- N.Y.C. Corp.*, 174 AD2d 373, 373-374, *lv denied* 79 NY2d 752). Also contrary to respondent's contention, he failed to establish that petitioner engaged in oppressive behavior within the meaning of Business Corporation Law § 1104-a before respondent denied petitioner access to ICL's equipment and accounts by locking petitioner out of the corporation's premises and changing all the locks and passwords (*see generally Matter of Kemp & Beatley, Inc. [Gardstein]*, 64 NY2d 63, 72-73). Although respondent established that petitioner set up another business in 1998, the evidence also supports the court's conclusion that petitioner did so in response to respondent's oppressive acts, including buying the premises upon which ICL conducted business and then raising the rent to siphon away corporate profits, thereby depriving petitioner of his reasonable expectation that he would receive one half of ICL's earnings. The evidence also supports the court's further conclusion that, in 2002, respondent completely locked petitioner out of the business without compensation for his part of the corporation's value. Conversely, the evidence fails to support respondent's contention that petitioner's other business resulted in any diminution in the value of ICL.

Respondent did not object at trial to the qualifications of petitioner's financial expert, a certified public accountant with more than 50 years of experience that included valuing businesses, and he therefore failed to preserve for our review his contention that the expert is not qualified to valuate the business (*see generally Matter of Alexis Marie P.*, 45 AD3d 458, 459, *lv denied* 10 NY3d 705; *Koffler v Biller*, 262 AD2d 150, 151; *Smith v City of New York*, 238 AD2d 500, 500).

With respect to the cross appeal, we agree with petitioner that

the court, in directing that interest accrue on the award, should have directed that the interest run from the date of the filing of the petition (*see Matter of Whalen v Whalen's Moving & Stor. Co.*, 234 AD2d 552, 554; *see generally Matter of Pace Photographers [Rosen]*, 71 NY2d 737, 748).  We therefore modify the order accordingly.  Petitioner further contends that the attorney who previously represented ICL should be disqualified from representing respondent in the future.  "Where, as here, 'the rights of the parties cannot be affected by the determination of [the] appeal,' the appeal must be dismissed as moot" (*Matter of Mattar v Heckl*, 77 AD3d 1390, 1391, quoting *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714).  Thus, even assuming, arguendo, that petitioner preserved that contention for our review, we nevertheless dismiss the cross appeal insofar as it seeks that relief.

    We have considered the remaining contentions of the parties and conclude that they are without merit.

Entered:  April 20, 2012                          Frances E. Cafarell
                                                  Clerk of the Court