■ In the Matter of KELIANN ELNISKI, Appellant, v NIAGARA FALLS COACH LINES, INC., et al., Respondents. (Appeal No. 1.) [957 NYS2d 544]—

We reject petitioner's contention that Supreme Court erred in setting the terms and conditions of the transfer of her shares. A trial court has discretion in setting the terms and conditions by which the shares of a minority shareholder are transferred in these circumstances, such as by establishing a payment schedule or by requiring that a bond or other acceptable security instrument be posted (*see Matter of Cortland MHP Assoc. [Petralia—Burnham]*, 267 AD2d 1013, 1013-1014 [1999]; *Matter of Penepent Corp.* [appeal No. 11], 198 AD2d 782, 783 [1993], *lv denied* 83 NY2d 797 [1994]; *Matter of Seagroatt Floral Co. [Riccardi]*, 167 AD2d 586, 589 [1990], *mod on other grounds* 78 NY2d 439 [1991]; *see also* Business Corporation Law § 1118 [c] [2]). On this record, it cannot be said that the court abused its discretion in setting the terms and conditions of the instant transfer.

With respect to the court's valuation of petitioner's shares, "[t]he determination of a [factfinder] as to the value of a business, if it is within the range of testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques" (*Matter of McKeown [Image Collision, Ltd.]*, 94 AD3d 1445, 1446 [2012] [internal quotation marks omitted]). Nevertheless, we agree with petitioner that the court erred in accepting the valuation assessment of respondents' expert insofar as it calculated the after-tax value of the shares (*see Burrows v Burrows*, 270 AD2d 871, 871 [2000]; *Stolow v Stolow*, 149 AD2d 683, 686 [1989], *mot to resettle granted* 152 AD2d 559 [1989]; *Siegel v Siegel*, 132 AD2d 247, 251-252 [1997], *appeal dismissed* 71 NY2d 1021 [1987], *lv denied* 74 NY2d 602 [1989]). We therefore modify the order and judgment in appeal No. 1 by vacating the court's valuation determination, and we remit the matter to Supreme Court for further proceedings consistent with our decision. In light of our determination, we need not address petitioner's remaining contentions in appeal No. 1. Finally, we dismiss the appeal from the order in appeal No. 2 inasmuch as the issues raised therein have been rendered moot by our determination in appeal No. 1. Present—Smith, J.P., Carni, Lindley, Sconiers and Whalen, JJ.