# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1275

CA 12-00826

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

IN THE MATTER OF KELIANN ELNISKI,
PETITIONER-APPELLANT,

V                                        MEMORANDUM AND ORDER

NIAGARA FALLS COACH LINES, INC.,
RAEANNE ARGY-TYLER AND MICHAEL J. DOWD,
RESPONDENTS-RESPONDENTS.
(APPEAL NO. 1.)

HODGSON RUSS LLP, BUFFALO (MICHAEL C. O'NEILL OF COUNSEL), FOR
PETITIONER-APPELLANT.

JAECKLE FLEISCHMANN & MUGEL, LLP, BUFFALO (HOWARD S. ROSENHOCH OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS NIAGARA FALLS COACH LINES, INC.
AND RAEANNE ARGY-TYLER.

-----------------------------------------------------------------------------------------------------------

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (John A. Michalek, J.), entered April 20, 2012.
The order and judgment, inter alia, determined the value of
petitioner's shares in respondent Niagara Falls Coach Lines, Inc.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously modified on the law by vacating that part determining
the value of petitioner's shares and as modified the order and
judgment is affirmed without costs and the matter is remitted to
Supreme Court, Erie County, for further proceedings in accordance with
the following Memorandum:  In appeal No. 1, petitioner appeals from an
order and judgment that, inter alia, valued her minority share of the
stock in respondent Niagara Falls Coach Lines, Inc. (NFCL), a
subchapter S corporation, at $1.4 million, directed NFCL to pay that
sum to petitioner in installments, and ordered petitioner to
relinquish her shares to NFCL, free and clear of any encumbrances,
upon an initial payment by NFCL in the amount of $500,000.

We reject petitioner's contention that Supreme Court erred in
setting the terms and conditions of the transfer of her shares.  A
trial court has discretion in setting the terms and conditions by
which the shares of a minority shareholder are transferred in these
circumstances, such as by establishing a payment schedule or by
requiring that a bond or other acceptable security instrument be
posted (*see Matter of Cortland MHP Assoc. [Petralia-Burnham]*, 267 AD2d
1013, 1013-1014; *Matter of Penepent Corp.* [appeal No. 11], 198 AD2d
782, 783, *lv denied* 83 NY2d 797; *Matter Jof Seagroatt Floral Co.*

*[Riccardi]*, 167 AD2d 586, 589, *mod on other grounds* 78 NY2d 439; *see also* Business Corporation Law § 1118 [c] [2]).  On this record, it cannot be said that the court abused its discretion in setting the terms and conditions of the instant transfer.

       With respect to the court's valuation of petitioner's shares, "[t]he determination of a [factfinder] as to the value of a business, if it is within the range of testimony presented, will not be disturbed on appeal where valuation of the business rested primarily on the credibility of expert witnesses and their valuation techniques" (*Matter of McKeown [Image Collision, Ltd.]*, 94 AD3d 1445, 1446 [internal quotation marks omitted]).  Nevertheless, we agree with petitioner that the court erred in accepting the valuation assessment of respondents' expert insofar as it calculated the after-tax value of the shares (*see Burrows v Burrows*, 270 AD2d 871, 871; *Stolow v Stolow*, 149 AD2d 683, 686, *mot to resettle granted* 152 AD2d 559; *Siegel v Siegel*, 132 AD2d 247, 251-252, *appeal dismissed* 71 NY2d 1021, *lv denied* 74 NY2d 602).  We therefore modify the order and judgment in appeal No. 1 by vacating the court's valuation determination, and we remit the matter to Supreme Court for further proceedings consistent with our decision.  In light of our determination, we need not address petitioner's remaining contentions in appeal No. 1.  Finally, we dismiss the appeal from the order in appeal No. 2 inasmuch as the issues raised therein have been rendered moot by our determination in appeal No. 1.

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court