Miller v Mount Sinai Hosp. (2021 NY Slip Op 05169)





Miller v Mount Sinai Hosp.


2021 NY Slip Op 05169


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Index No. 805041/15 Appeal No. 14253 Case No. 2020-03736 

[*1]James E. Miller, Plaintiff-Respondent,
v
The Mount Sinai Hospital et al., Defendants-Appellants, Emanuela Binello, M.D., Defendants.


McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for appellants.
Osburn, Hine & Yates, L.L.C., Cape Girardeau, MO (Jeffrey P. Hine, of the bar of the State of Missouri, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (George J. Silver, J.), entered June 15, 2020, which, to the extent appealed from as limited by the briefs, denied defendants Mount Sinai Hospital and Kalmon D. Post, M.D.'s motion for summary judgment dismissing plaintiff's cause of action for lack of informed consent, unanimously affirmed, without costs.
The motion court properly found that plaintiff's evidence was sufficient to rebut defendants' prima facie showing as to his claim sounding in lack of informed consent (see Public Health Law § 2805-d). Plaintiff's testimony and supporting affidavit, along with the testimony of his uncle who was privy to discussions with defendant Dr. Post prior to the recommended surgery, contradicted Dr. Post's assertion that he verbally apprised plaintiff of the "alternatives . . . and . . . reasonably foreseeable risks and benefits involved" in the surgery (Public Health Law § 2805-d [1]; see Santiago v Filstein, 35 AD3d 184, 187 [1st Dept 2006]; Corcino v Filstein, 32 AD3d 201, 202 [1st Dept 2006]; Andersen v Delaney, 269 AD2d 193, 193 [1st Dept 2000]). Moreover, the parties submitted conflicting medical experts' opinions regarding the sufficiency of the informed consent (see Carnovali v Sher, 121 AD3d 552, 552 [1st Dept 2014]; Koffler v Biller, 262 AD2d 150 [1st Dept 1999]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021