1304 Madison LLC v Alberts (2024 NY Slip Op 06146)

1304 Madison LLC v Alberts

2024 NY Slip Op 06146

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Renwick, P.J., Friedman, Shulman, Pitt-Burke, Rosado, JJ. 

Index No. 161186/18 Appeal No. 3223 Case No. 2024-03396 

[*1]1304 Madison LLC, Plaintiff-Respondent,
v
Rodney B Alberts et al, Defendants-Appellants, 24-26 East 93 Apartments Corp., Defendant.

Horwitz & Zim Law Group, P.C., New York (Eric M. Zim of counsel), for appellants.
Waxman & Waxman, P.C., New York (Leonard M. Kohen of counsel), for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered May 10, 2024, which granted plaintiff's motion to confirm the Judicial Hearing Officer's (JHO) report directing defendants-appellants to pay plaintiff damages for their use and occupancy of plaintiff's rooftop and for debris removal, unanimously affirmed, without costs.
The JHO's finding that plaintiff is entitled to damages from defendants' unauthorized use of its rooftop for recreational purposes since January 2012 is supported by record (see Hopper v Premier Coach, Inc., 111 AD3d 508, 509 [1st Dept 2013]; see also Herman v Gill, 61 AD3d 433 [1st Dept 2009]). Moreover, defendants' reliance on Multiple Dwelling Law § 302 is misplaced, as the subject rooftop is on a commercial building, and defendants were undisputedly using it as an outdoor recreational space rather than as a "dwelling" (see e.g. Silver v Moe's Pizza, 121 AD2d 376, 378 [2d Dept 1986] [absence of certificate of occupancy for commercial premises does not relieve tenant of its obligation to pay rent]; cf. Jo-Fra Props., Inc. v Bobbe, 81 AD3d 29, 34 [1st Dept 2010], lv dismissed 17 NY3d 933 [2011] [landlord cannot maintain an action for unpaid rent on premises that were not in compliance with the Multiple Dwelling Law]). There is no basis to otherwise disturb the JHO's credibility determinations (see Matter of F.P.D. Realty Corp., 267 AD2d 111, 112 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024